WIGGINTON, Chief Judge.
Appellant has appealed a final order rendered by the County Judge of Alachua County discharging appellant’s brother, Worth E. Dobbins, as guardian of the estate of appellant’s father, Norway Wiley Dobbins, now deceased. Appellant contends that the trial court erred in discharging the guardian after it had been established without dispute that the guardian had failed to file in the estate a verified inventory of the incompetent’s assets as required by law.
Worth E. Dobbins, the duly appointed, qualified and acting guardian of the person and estate of his incompetent father, filed in the proceeding his initial and final return and accounting as guardian, together with his petition for discharge. Appellant filed written objections to both the accounting and the petition for discharge on the ground that the guardian had never filed in the estate an inventory of the ward’s assets as required by law, and that the accounting fails to disclose an asset referred to in the guardian’s petition for appointment.
A hearing was held before the court at which the guardian was meticulously interrogated as to all assets owned by the incompetent which came into his hands and were administered by him during the period of guardianship. The guardian made a full disclosure of the incompetent’s assets administered by him and related his explanations to the written accounting filed in the estate. No testimony or other evidence was offered to show, or even suggest, that the guardian either negligently failed to discover and take into his possession assets of his ward, or that he concealed or otherwise failed to properly administer and account for the assets belonging to the estate.
*313 The controlling statute relating to the duty of a guardian to prepare and file with the court an inventory of all assets belonging to his ward is as follows:
“Within sixty days after his appointment the guardian of the property shall file with the county judge a complete verified inventory of the real and personal estate which has come to his knowledge and of any cause of action on which his ward has a right to sue or on which he has the right to sue in behalf of his ward. Said inventory shall be recorded in the office of the county judge having jurisdiction.” [1]
It is generally held that statutes which provide that the guardian shall file an inventory of the ward's estate have the object of protecting the ward during his lifetime, and his heirs thereafter, and are construed to be mandatory.[2]
The author of the subject “Guardian and Ward” appearing in the manual of Florida Family Law published by the Florida Bar Committee on Continuing Legal Education states in his comment to Section 8.69 as follows:
“Section 744.53 Fla.Stat.1965 requires guardians to file an inventory of all assets within 60 days from the date of their appointment. See § 8.68. The filing of an inventory will not be waived by the court, but the court in most cases will grant an extension of time upon petition. ‡ ijc
We are of the view, and so hold, that the statutory provision which requires a guardian to file an inventory of the assets owned by and belonging to his ward has for its object the protection of the ward’s interest in his estate, and the interest of the ward’s heirs in the event of his death during incompetency. We are not persuaded to the view that the object of the statutory requirement regarding the filing of an inventory is merely to outline the procedures to be followed by the guardian as a matter of form in the administration of the ward’s estate.[3] We therefore hold that the provisions of this statute are mandatory and not merely directory, and compliance therewith should be required by the county judges supervising the administration of incompetents’ estates.
The question with which we are confronted, however, is whether the failure of the guardian to file an inventory of the ward’s assets in the case sub judice is sufficient, under the facts of this case, to justify reversal of the trial court’s order discharging the guardian. Although the testimony adduced by the guardian at the hearing before the court is not to be considered as a satisfactory substitute for a verified inventory as required by the statute, the disclosure made by the guardian of all assets owned by his ward coming into his hands for administration was given under oath, and a record thereof has been made and filed in the cause. There is no contention that the guardian’s sworn statement of the ward’s assets coming into his hands for administration is in any manner false or erroneous. Neither is there any contention that based upon his sworn testimony the written report and accounting filed by him is erroneous, nor that his failure to file a written inventory as required by the statute caused a loss to the ward’s estate or in any manner prejudiced the rights or interests of the ward’s heirs or beneficiaries under his will. Considering the testimony of the guardian as tantamount to a verified inventory of the assets owned by the ward and administered by the guardian in the discharge of his official duties, we are of the view and so hold that the error of the probate court in failing to require the guardian to file a verified inventory as required by the statute is harmless under the facts of this case and not *314 sufficient to justify a reversal of the order of discharge appealed herein.[4] The order is accordingly affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. F.S. § 744.53, F.S.A.

. 39 C.J.S. Guardian and Ward § 77, p. 121.

.Neal v. Bryant (Fla.1962), 149 So.2d 529, 532.

. F.S. § 54.23, F.S.A.