PER CURIAM.
This is a companion case to that entitled In Re Estate of N. W. Dobbins, Incompetent, No. J-466, Fla.App., 215 So.2d 312, in which an opinion has this day been filed. The principal distinction between the two cases is that the appeal in the incompetency proceeding, Case J-466, involved the failure of the guardian to file in the proceeding a complete verified inventory of the assets coming to his knowledge as guardian as required by F.S. Section 744.53, F.S.A., whereas the primary point involved in the case sub judice is the failure of the executor to file in the estate proceedings a complete inventory of the testator’s assets as required by F.S. Section 733.03, F.S.A. In the case sub judice appellant makes the additional point that the accounting filed by the executor is insufficient to meet the full requirements of the law.
Upon the authorities cited in the companion case involving the guardianship proceeding, we hold that the above-cited statute which requires the personal representative to file a complete inventory of the property owned by his decedent at the time of death is mandatory and not merely directory. This requirement should be rigidly enforced by all judges in probate and complied with by the personal representatives. For the reasons cited in the companion case it is our view that the error complained of herein is harmless and does not justify reversal. The order appealed is accordingly affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.