## FRANK L. BEECHER *vs.* EDWARD STEPHENS.

### June 29, 1878.

**Law Weekly not a Newspaper.**—The statute requires publication of summons issued by the municipal court of St. Paul, to be "made in a newspaper." In the intent of this provision of statute, a newspaper is a publication which usually contains, among other things, what is understood by the general news, the current news, or news of the day—a publication adapted to the general reader. "The Northwestern Reporter," a weekly publication, purporting to be and in fact "devoted specially to the interests of the legal profession," the usual contents of which are the general laws of this state, published shortly after their passage, the decisions of the supreme court of this state, and of the supreme court of Wisconsin, and occasional decisions of other courts, a court directory, cards of attorneys and counsellors-at-law, a list of transfers of real estate in Ramsey county, advertisements and notices of law books, about a page of miscellaneous business advertisements and legal anecdotes, is not a newspaper, within the meaning of the statute referred to.

Appeal by defendant from a judgment of the municipal court of the city of St. Paul, taken against him by default, the summons having been served by publication in the "Northwestern Reporter."

*E. S. Chittenden,* for appellant.

*William Barrett,* for respondent, cited *Kellogg* v. *Carrico,* 47 Mo. 157; *Kerr* v. *Hitt,* 75 Ill. 57.

BERRY, J.   By Sp. Laws 1875, *c.* 2, § 8, (Gen. St. 1878, *c.* 64, § 88,) it is provided that process issued by the municipal court of the city of St. Paul, "may be served the same as a summons issued by a justice of the peace, and service by publication may be ordered and made in like manner."   By Gen. St. *c.* 65, § 13, the publication of a summons issued by a justice of the peace is required to be "made in a newspaper published in the county where the action is brought," etc.

The question which we are asked to determine is, whether the "Northwestern Reporter" is a newspaper, within the contemplation of the statute?   This is a twelve-page weekly publication, somewhat differing in size and shape from an

ordinary newspaper, though the difference is not such as to render it improper to denominate it a newspaper, provided its usual contents are, in general character, like the usual contents of newspapers. It purports to be and is "devoted specially to the interests of the legal profession." Its usual contents are the general laws of this state, published shortly after their passage, the "decisions" of the supreme court of this state, the "decisions" of the supreme court of Wisconsin, and occasional decisions of other courts, a court directory, cards of attorneys and counsellors-at-law, a list of transfers of real estate in Ramsey county, advertisements and notices of law books, about a page of miscellaneous business advertisements, and legal anecdotes. Except as above, it does not publish, nor assume to publish, what is understood by the current news, or news of the day. Newspapers are of so many varieties that it would be next to impossible to give any brief definition which would include and describe all kinds of newspapers. We are not called upon to incur the risk of giving any such definition at this time. It will be sufficient for all the purposes of this case to say that, in the ordinary understanding of the word, a newspaper is a publication which usually contains, among other things, what is called the general news, the current news, or the news of the day; and nothing which does not usually contain such news, and is intended for general circulation, is a newspaper, in the ordinary sense of the word. Such a newspaper is a publication adapted to the general reader. Now, in the absence of some controlling consideration to the contrary, the statute is to be taken to have used the word newspaper in this its ordinary sense, or, as Gen. St. *c.* 4, § 1, expresses it, "according to the common and approved usage of the language;" and when the object of the publication of a summons is considered, the reasonableness of such a construction of the word newspaper as requires the publication to be made where it will be likely to meet the eye of the general reader, is quite apparent.

For these reasons, we are of opinion that the "Northwest-

ern Reporter," though it may properly enough be denominated a "legal newspaper," is not a newspaper within the meaning of the statute above cited.

Judgment reversed.