ROBERT MAASS *et al.*

*v.*

FREDERICK HESS.

*Filed at Ottawa January 18, 1892.*

1. PUBLICATION OF NOTICE—*by corporation—proof, how made.* Proof may be made of the publication of a notice by an agent of the publisher, duly authorized, notwithstanding the publisher may be a corporation. A corporation may have an agent as well as an individual or a co-partnership.

2. APPEAL—*reviewing the facts.* A motion was made to set aside a sale of land under execution, on the ground that the paper in which the notice of the sale was published was not a secular newspaper of general circulation, printed and published in the county where the sale was made. The motion was overruled, and this was affirmed by the Appellate Court: *Held,* that the judgment of the Appellate Court settled conclusively the facts as to the nature and character of the paper in which the publication was made, adversely to the defendant below, and that it must be presumed the facts authorized the judgment of the court.

WRIT OF ERROR to the Appellate Court for the First District; —heard in that court on writ of error to the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

'Mr. WILLIAM A. POTTS, for the plaintiffs in error.

Mr. HERMAN VOLLMER, and Messrs. MOSES & PAM, for the defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a motion in the circuit court of Cook county to set aside a sheriff's sale on execution. The sole ground of the motion was, that the notice of the sale was published in the *National Corporation Reporter,* the contention being, that that publication is not a public newspaper, within the meaning of section 13, chapter 77, of the Revised Statutes, which provides that sheriffs' sales of real estate shall be published in a public newspaper printed and published in the county of the proposed sale. The motion was overruled by the circuit court, and on writ of error to that court from the Appellate Court for the First District the judgment was affirmed.

We must presume the Appellate Court found the facts of the case in favor of the conclusion of the court below, whose judgment it affirmed. There is nothing, therefore, in this record from which we can say, as a matter of law, that the *National Corporation Reporter* is not a secular newspaper of general circulation printed and published in the county where the sale in question was made. There is nothing before us to distinguish this paper from the *Chicago Legal News* or the *Chicago Daily Law Bulletin* as being a public newspaper within the meaning of the statute. On the authority of the cases of *Kerr et al.* v. *Hitt,* 75 Ill. 51, and *Railton* v. *Lauder,* 126 id. 219, the judgment of the Appellate Court is right.

There is no force in the objection that the paper is published by a corporation. Proof of publication may be made by the authorized agent of the publisher, as well as by the publisher. (Rev. Stat. sec. 1, chap. 100.) A corporation may certainly have an authorized agent as well as an individual or co-partnership.

*Judgment affirmed.*