WILLIAM C. TYLEE, *Appellant,* v. F. J. HYDE, *et al., Appellees.*

1.  In construing and applying a statute, the language used, the subject regulated, the purpose designed to be accomplished and the means adopted for accomplishing the purpose should be considered to ascertain the true and lawful legislative intent which alone has the force of law.

2.  The object of the statutory requirement that publication be made of notices of the election called to authorize the issue of county bonds, is to apprise the general public of the county of the matter to be determined by the election. This may be

accomplished with reasonable certainty and completeness by publication in newspapers devoted to the publication of current news in general that are circulated among all classes of the people, without the aid of publications devoted chiefly or wholly to the purposes of those persons who belong to some organization, society, race, nationality or other class constituting only a portion of the entire general public.

3. Considering the object designed and the practical means of accomplishing the object, the manifest legislative intent in the requirement of section 788 of the General Statutes of 1906, that the notice "shall be published in the several newspapers printed in the county" was to include only such newspapers as are devoted to the publication of current news in general and are circulated among all classes of the people, and not to include publications designed chiefly or wholly for the purposes of only a portion of the entire public.

4. The English language is the means recognized by our law for communication and information; and while a paper printed in a foreign language may be a newspaper, it may not be within the purview of a statute requiring the publication of legal notices designed for the information of all the people, where the statute contains nothing to indicate an intention to include such a publication.

5. Section 788 of the General Statutes of 1906 requires publication only in "newspapers printed in the county."

This case was decided by the Court En Banc.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*H. H. Buckman,* for Appellant.

*Kay & Doggett,* for Appellees.

WHITFIELD, C. J.—This appeal is from a decree of the circuit court for Duval county, Florida, denying an injunction against the issue of bonds by the county.

The bill of complaint alleges in substance that William C. Tylee is a resident, citizen and owner of taxable real estate in Duval county, Florida; that the defendant County Commissioners of Duval county have determined to issue $1,000,000.00 of interest-bearing bonds of the county, the proceeds thereof to be used in the construction of paved, macadamized or hard surface roads or highways in said county and "did in meeting duly assembled, by resolutions duly and lawfully passed and voted to that end, duly and in accordance with the statutes in such cases made and provided, resolve the issuance of said bonds for the purposes aforesaid, and ordered an election * * * * as required by law;" that pursuant to said resolution two notices of the calling of the election required by law were duly published in four named newspapers printed and published in the county, and in one named newspaper "containing general news" printed in Atlanta, Georgia, and distributed and published weekly in the city of Jacksonville "and of general circulation in said county of Duval;" that said notices were also published but not for the full period required by the statute in three named publications that are "actually printed" in Atlanta, Georgia, under the date line of Jacksonville, Florida, and distributed in Jacksonville, Florida; that pursuant to said notices an election was held October 26, 1909, and 1125 votes were cast "for bonds" and 366 "against bonds;" that notices for bids were duly published, and a bid for the bonds was accepted; that the notices for said election was not inserted in a named German "Journal printed and published in Jacksonville, Florida, all portions of the reading matter of which is in

the German language, and which has a small circulation among the German element residing in Duval county, Florida, and that the only matter in English is the adver- tising matter, no part of which is legal advertisement;" that the notices of said election were not inserted in three named publications "actually printed in Atlanta, Georgia, and copies sent in full to Jacksonville, Florida, for dis- tribution among the subscribers;" that said bonds have not yet been delivered; that the bonds are illegal because the notices of the election thereon "were not published in each and every newspaper printed in said county at the time of the publication," and because the notices were not published in stated newspapers as required by law. An injunction against the issue of the bonds was prayed.

The court sustained a demurrer to the bill of complaint and denied the injunction, and the complainant on appeal makes the sole contention that the failure to publish the election notices in all the papers above mentioned for the required period of time renders the bonds illegal.

The statute provides as follows:

"786.   Purposes for which county bonds may issue.— When ever the board of county commissioners of any county shall deem it expedient, or to the best interests of such county, to issue the county bonds of their county, for the purpose of constructing paved, macadamized, or other hard-surfaced highways, or erecting a court-house or jail or other public buildings, and funding the out- standing indebtedness of the county, or for any of such purposes, they shall determine by resolution to be entered in their records, what amount of bonds is required for such purpose, the rate of interest to be paid thereon, and the time when the principal and interest of such bonds shall be due and when payable."

"788.   (592)   Publication of resolution:—Before any

such bond shall be issued, the resolution mentioned in the previous section shall be published in the several newspapers printed in the county at least once in each week for four weeks before the election mentioned in the next section, but if no newspaper be published in the county, publication shall be made in some paper published in the judicial circuit which includes such county."

The question to be determined is what are "newspapers printed in the county" within the meaning of the statute. In construing and applying a statute, the language used, the subject regulated, the purpose designed to be accomplished and the means adopted for accomplishing the purpose should be considered to ascertain the true and lawful legislative intent which alone has the force of law.

The object of the statutory requirement that publication be made of notices of the election called to authorize the issue of county bonds, is to apprise the general public of the county of the matter to be determined by the election. This may be accomplished with reasonable certainty and completeness by publication in newspapers devoted to the publication of current news in general that are circulated among all classes of the people, without the aid of publications devoted chiefly or wholly to the purposes of those persons who belong to some organization, society, race, nationality or other class constituting only a portion of the entire general public. Considering the object designed and the practical means of accomplishing the object, the manifest legislative intent in requiring that the notice "shall be published in the several newspapers printed in the county" was to include only such newspapers as are devoted to the publication of current news in general and are circulated among all classes of the people, and not to include publications designed chiefly or wholly for the purposes of only a portion of the entire public. If it may

be assumed from the allegations of the bill of complaint that the five newspapers devoted to current news in general and of general circulation mentioned therein are the only newspapers in the county of that character, the publication in them of proper notices for the requisite period of time satisfies the statute. It was not necessary to publish the notice in papers "actually printed" in Atlanta, Ga., under a Jacksonville, Florida, date line and circulated in Jacksonville, for the statute includes only "newspapers printed in the county." It was not necessary to publish the election notices in a paper even though printed and circulated in Jacksonville, if it does not publish current news in general for circulation among all classes of the people and is chiefly or wholly devoted to the purposes of and peculiar to those who constitute a particular society, class or race or nationality composing only a portion of the entire general public of the county. See Beecher v. Stephens, 25 Minn., 146; Hanscom v. Meyer, 60 Neb., 68, 48 L. R. A., 409, 83 Am. St. Rep., 507; Crowell v. Parker, 22 R. I., 51, 46 Atl., 35, 84 Am. St. Rep., 815.

The English language is the means recognized by our law for communication and information; and while a paper printed in a foreign language may be a newspaper, it may not be within the purview of a statute requiring the publication of legal notices designed for the information of all the people, where the statute contains nothing to indicate an intention to include such a publication. See Road v. Road, 44 Pa. St., 277; Graham v. King, 50 Mo., 22; 11 Am. Rep., 401; City v. Beckett, 26 Ohio St., 49; Turner v. Hutchinson, 113 Mich., 245, 71 N. W. Rep.; 514; State v. City of Jersey City, 54 N. J. L., 437, 24 Atl., 571.

The decree appealed from is affirmed.

TAYLOR, SHACKLEFORD, HOCKER and PARKHILL, J. J., concur.