RUTH CULCLASURE, BY L. KURZ, GUARDIAN AD LITEM, *Appellant*, v. CONSOLIDATED BOND AND MORTGAGE COMPANY, ET AL., *Appellees*.

Division B.

Opinion Filed October 24, 1927.

*Louis Kurz,* for Appellant;

*Milam, McIlvaine & Milam,* for Appellee.

TERRELL, J.—Appellee, Consolidated Bond and Mortgage Company, filed its bill in the Circuit Court of Duval County, Florida, to foreclose a mortgage on certain lands therein specifically described. Ruth Russell, otherwise known as Ruth Culclasure, was one of the defendants in said foreclosure suit, residing in the State of South Carolina, she was served by publication, was a minor, and L. Kurz, one of the appellants, was appointed as her guardian *ad litem.* The guardian *ad litem* filed his appearance and answer to the bill to foreclose and moved to quash the service by publication on Ruth Russell. The motion to quash was overruled and appeal was taken from that order.

The sole question raised in the motion to quash and brought here for our consideration is whether or not ''The Financial News'' of Jacksonville, Florida, in which service on Ruth Russell was made (by publication) is a newspaper within the meaning of the statutes of this State relating to constructive service on non-resident, unknown, absent, or concealed defendants.

Our statute providing for constructive service (Sec. 3111 Rev. Gen. Stats. of Fla., 1920, as amended by Chapter 10102 and Chapter 11364, Acts of 1925), and cognate statutes for similar purposes (Secs. 3113, 3114, 2835, 2942, 3763 Rev. Gen. Stats. of Fla.; and Sec. 3786 Rev. Gen. Stats. of Fla., 1920, as amended by Chapter 8473, Acts of 1921, Laws of Fla.), merely provide in substance that the

order or notice to appear shall be published at stated intervals in some newspaper published in the county where the court is located, or where the sale takes place.

Appellant relies solely on Yaeger et al. v. Rose et al. decided by this Court May 10, 1927, for reversal. In Yaeger v. Rose we held that the term newspaper as used in our constructive service statute must have reference to some publication appearing at daily or weekly intervals reporting the news or happenings of local or foreign interest, or both, such as social, religious, political, moral, business, professional, editorial, and other kindred subjects intended for the information of the general reading public. It may become necessary in the course of litigation to reach members of any profession, trade, craft, or calling by constructive service, hence the reason for publication in a newspaper of general circulation read and subscribed to by the public generally. Publication in any newspaper falling short of these requirements would not comply with the statute, nor meet the requirement of due process of law. Tylee v. Hyde, 60 Fla. 389, 52 South. Rep. 968; Hanscom v. Meyer, 60 Neb. 68, 82 N. W. Rep. 114; Beecher v. Stephens, 25 Minn. 146; Lynch v. Durfee, 101 Mich. 171, 59 N. W. Rep. 409; Williams v. Colwell, 14 App. Div. 26, 43 N. Y. Supp. 720, 1167.

Predicated on the record before us our conclusion in Yaeger v. Rose was that "The Daily Record" with a subscription of three hundred and fifty or less, in a county of the population of Dade County and devoted primarily to reporting the proceedings and transactions of the courts, reporting little or no news in which the general public would be interested, would in our judgment, not be a newspaper in contemplation of our constructive service statute which must be construed in this connection with the due process clause of the State and Federal Constitutions.

Olsen v. Bibb Co., 117 Minn. 213, 135 N. W. Rep. 385, Ann. Cas. 1913D 877; Times Printing Co. v. Star Publishing Co., 51 Wash. 667, 99 Pac. Rep. 1040, 16 Ann. Cas. 414, and Note p. 417; 20 R. C. L. 201.

In the case at bar it is alleged and proven that "The Financial News" is published daily, except Sundays, in Jacksonville, Florida, on sheet paper, four page size; that it was first published in 1916, and has been published continuously since that time; that it is entered as second class mail matter in the United States Post Office Department; that it is designated by the United States District Court as the official publication for bankruptcy notices; that it carries editorials, occasionally music notes, and items of interest to those interested in music; a statement of the meetings of the courts of Duval County, Florida, the names of the courts, the names of the clerks; also a calendar of the Circuit Court of Duval County, Florida; a list of the important buildings in Jacksonville, Florida; a statement of residential locals; a list of assignments and satisfactions of mortgages, warranty deeds and other legal documents filed for record; a list of the real estate agents in Duval County, Florida, called the "Realtor's Directory," with a history of the word "Realtor," also a list of the attorneys in Jacksonville, Florida; a statement of the rule days for the year 1927; a list of the banks; a list of persons applying for tax deeds; the names of the owners, etc. A list of charters granted with pertinent information as to said charters; a list of permits to build granted during the preceding day, as well as a list of the orders and decrees, and the new cases filed in the courts of Duval County, Florida. Items of interest to bankers, such as personal items, quarterly statements of the banks of Jacksonville, Florida, general advertisements of interest to the public, such as advertisements of merchants selling merchandise;

also stockholders notices, and a list of the new cases filed in the Federal court; important decisions of the Supreme Court of Florida, the important acts of the Legislature of Florida; and columns entitled, "Law Books Wanted," "Positions Wanted," for those out of employment; "Offices Wanted," "Florida Fairs," "Financial Market News," and "Daily News Events—Leased Wire Service." It will be noted from the record that "The Financial News" also carried news items of the merger of two real estate concerns in Jacksonville, Florida; a news item in reference to Mr. Paul M. Pope; also an account of the death of Jacob E. Cohen; an editorial column on the subject of "The Gold Situation in India"; a list of the theater entertainments for the current week, a news item of "The Florida State Marketing Bureau" and other news items of general interest. It will also be noted from the record that there were 25,000 copies of one issue circulated carrying the delinquent tax list of Duval County, Florida, and that this issue of the paper also contained the New York Stock Exchange Report, an editorial on scenic artists and news quotations from current periodicals, as well as other news items.

It is also alleged and proved that "The Financial News" has a list of seven hundred paid subscribers, in addition to which several thousand copies are circulated monthly from news stands, the subscribers being not only residents of Duval County, Florida, but also many other states of the United States and some foreign countries, and that the subscribers are representative of many different lines of business and interests.

Our conclusion is that this showing is ample to constitute "The Financial News" of Jacksonville a newspaper as defined in Yaeger v. Rose and as contemplated by our constructive service statutes. While it is of especial in-

terest to members of the bar, it is broad in its interests, carries limited telegraphic or general news, such as social, religious, political, business, professional, and allied subjects, for the information of the public and has in fact a wide and diversified clientele. These and not the numerical strength of its subscription list are the controlling elements which determine the status of a newspaper as used in our constructive service statutes and as to whether or not service published therein would meet the requirements of due process of law. Hanscom v. Meyer, 60 Neb. 68, 82 N. W. Rep. 114; Lynch v. Durfee, 101 Mich 171, 59 N. W. Rep. 409; Olson v. Bibb Co., 117 Minn. 214, 135 N. W. Rep. 385, Ann. Cas. 1913D 877; Railton v. Lauder, 126 Ill. 219, 18 N. E. Rep. 555; Maas v. Hess, 140 Ill. 576, 29 N. E. Rep. 887; Prentzel v. Squire, 161 Ill. 346, 43 N. E. Rep. 1064, in re Labor Journal, 190 Cal. 500, 213 Pac. Rep. 498.

The decree appealed from is therefore affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.