THORNAL, Justice.
. Appellant Johnson, who was defendant below, seeks reversal of a final decree adjudicating the invalidity of a county tax deed.
The determining point is whether the newspaper in which notice of application for the tax deed was published was qualified to handle the advertising of legal notices under Chapter 49, Florida Statutes, F.S.A.
The facts are not in dispute. Appellant Johnson purchased a tax certificate on the property of appellees Taggart. In due course application for a tax deed was filed. The Clerk of the Circuit Court caused notice of the application to be published in a newspaper named Riviera Beach Press. *607 He also sent a copy of tlie notice to the appellees by registered mail addressed to the street address .of the property involved as well as another to notice appellee, Irene Taggart, the owner, at her residence address. Photostatic evidence of the envelopes in which the notice was mailed shows that the registered letters were returned to the Clerk of the Circuit Court unclaimed although noted on each envelope are the words “Left Notice”. Alleging that the notices were never received and further that the Riviera Beach Press was a newspaper of limited circulation, published in the Town of Riviera Beach, and that the property involved is located in West Palm Beach where two large daily newspapers are published, the appellees by their complaint asserted that there had not been due compliance with Section 194.16, Florida Statutes, F.S.A., governing the required preliminaries to the issuance of a valid county tax deed. By their complaint they point out that their property was reasonably worth $6,500 and that by maneuvering the publication into a relatively small weekly newspaper, the appellant had deprived them of proper notice and that his bid in the amount of $1,256.70 at the tax sale was unconscionably inadequate. On competitive motions for a summary decree, the Chancellor decided in favor of the ap-pellees and set aside the tax deed. Reversal of his decree is here sought.
It is the contention of the appellant that so long as the Clerk of the Circuit Court complies with the statute by mailing the notice, the receipt thereof by the property owner is immaterial. He further contends that the newspaper involved meets the requirements of Section 49.01 and 49.03, Florida Statutes, F.S.A.
As they did in their complaint, the ap-pellees contend here that the newspaper was not qualified to handle the advertising of legal notices and that their failure to receive the notice by letter merely strengthens their equitable position which was that they had been illegally deprived of their property.
The point made by appellees with reference to their failure to receive the notice sent to them by registered mail has been disposed of adversely to their position by this Court in Thacker v. Biggers, Fla.1950, 48 So.2d 750. We held that if the Clerk of the Circuit Court complies with the statutory requirements by mailing the notice, the failure of the owner to receive the mailed notice will not invalidate a subsequently issued tax deed. As a matter of fact, Section 194.18, Florida Statutes, F.S.A., specifically so provides. In the case last cited we distinguished between failure of the Clerk to mail the notice and the failure of the owner to receive a notice properly made. The former will invalidate the deed. The latter will not.
With reference to the validity of the published notice, we are again compelled to hold against the position of the appellees. A photostatic copy of the proof of publication filed with appellant’s motion for summary decree shows prima facie that the newspaper had been published in Palm Beach County for more than a year prior to the date the notice was carried and that it had been entered as second-class mailing matter at the Post Office in Riviera Beach in the same county. These are the base requirements prescribed by Sections 49.01 and 49.03, Florida Statutes, F.S.A. While appellees’ affidavit supporting their motion for judgment asserts that this newspaper has only a limited circulation in the City of West Palm Beach and that it has no circulation in the Negro section of that city where most of their friends, as well as they themselves, reside, the fact remains that this is not necessarily a requirement made by the statute.
In Culclasure v. Consolidated Bond & Mortgage Co., 94 Fla. 764, 114 So. 540, *608 we undertook to point out that the term “newspaper” as used in our constructive service statute refers to a publication appearing at daily or weekly intervals and reporting news of local interest in the varied field of activities in the community. The newspaper in order to qualify should he one of general circulation although it is not required that it be read by everyone in the county so long as it is available to the general public. See also, State ex rel. Miami Leathercote Co. v. Gray, Fla.1949, 39 So.2d 716.
To support the conclusion of the Chancellor, the appellees rely on Grant v. City of West Palm Beach and Robinson, affirmed by us without opinion as Robinson v. Grant, Fla.1949, 42 So.2d 715. We have carefully examined the original record in the cited case. The distinction is that that case involved a municipal tax deed as distinguished from a county tax deed. The Circuit Judge had held that application for a municipal tax deed should be published in the municipality where the deed was to issue. There were also other objections to the deed which undoubtedly influenced the conclusion of the Chancellor in the case cited. In addition he may have been influenced by Section 173.09, Florida Statutes, F.S.A., which requires notice of Master’s Sales in municipal tax foreclosures to be published in the city where the land is involved.
We have examined this record with a great deal of sympathy for the position of the appellees. However, we are not authorized to embellish the legislative requirements with our notions of what might be fair or morally just in particular situations of this kind. The act of the Legislature merely requires that the notice for a county tax deed be published in a newspaper which has been published in the county for a period of one year and entered as second-class mail in a post office in the county. If additional requirements are to be imposed they will have to be inserted by the Legislature rather than by this Court.
The summary final decree in favor of the appellees will have to be reversed. The cause is remanded for further proceedings consistent with this opinion, but without prejudice to either party to offer any additional evidence to support their respective positions. If there is none, a decree should be entered for the appellant.
Reversed and remanded. '
TERRELL, C. J., and ROBERTS and DREW, JJ., concur.