Mr. Van B. Cook Acting County Attorney Pinellas County 315 Court Street Clearwater, Florida 33516
Dear Mr. Cook:
This is in response to a request by your predecessor for an Attorney General's Opinion on the following question:
 IF A PUBLICATION IS ENTERED OR QUALIFIED TO BE ADMITTED AND ENTERED AS SECOND CLASS MATTER AT A POST OFFICE IN THE COUNTY WHERE PUBLISHED, FOR SALE TO THE PUBLIC GENERALLY, AND OTHERWISE MEETS THE QUALIFICATIONS OF CH. 50, F.S., RELATING TO LEGAL AND OFFICIAL ADVERTISEMENTS, DOES IT MEET THE DEFINITION OF "NEWSPAPER" IF IT CONSISTS ENTIRELY OF ADVERTISEMENTS, SUCH AS ADVERTISEMENTS FOR VARIOUS ARTICLES OF PROPERTY FOR SALE, REAL ESTATE FOR SALE, PERSONAL ADVERTISEMENTS, ETC.?
Your question is answered in the negative.
Prior to the enactment of Ch. 12104, 1927, Laws of Florida, which is the immediate antecedent of present s 50.011, F.S. (as amended by Ch. 63-387, Laws of Florida, with respect to the required proportion of English language to be contained in a "newspaper"), the statutes providing for constructive service and cognate statutes for similar purposes merely provided in substance that an order or notice to appear was to be published in a newspaper published in the county where such publication was required. See, Tylee v. Hyde, 52 So. 968 (Fla. 1910); State ex rel. Yaegar v. Rose, 114 So. 373 (Fla. 1927); Culclasure v. Consolidated Bond and Mortgage Co., 114 So. 540 (Fla. 1927). Compare, State ex rel. Miami Leathercote Co. v. Gray, 39 So.2d 716 (Fla. 1949) which involved the question of whether a particular publication was in law a newspaper of general circulation within the meaning of former s 49.03, F.S. (now numbered s 50.031, F.S.), and former s 612.46, F.S., and applying the doctrine of Tylee v. Hyde, supra, and Culclasure v. Consolidated Bond and Mortgage Co., supra. As expressed in the Culclasure case, the term "newspaper" as used in the constructive service statute, referred to some publication appearing at daily or weekly intervals reporting the news or happenings of local or foreign interest, or both, such as social, religious, political, moral, business, professional, editorial, and other kindred subjects intended for the information of the general reading public. The court determined that it may become necessary in the course of litigation to reach members of any profession, trade, craft, or calling by constructive service, hence the requirement for publication in a newspaper of general circulation read and subscribed to by the public generally. Further, as the court noted, "[p]ublication in any newspaper falling short of these requirements would not comply with the statute, nor meet the requirement of due process of law." Culclasure v. Consolidated Bond and Mortgage Co., supra, at 540-541. Cf., State ex rel. Miami Leathercote Co. v. Gray,39 So.2d 716 (Fla. 1949) ("while a newspaper may be devoted primarily to the interests of a special class or group, if it contains news of a general character and interest to the community, even though limited but not negligible in amount, it may qualify as a newspaper of general circulation under the law").
The provisions of Ch. 12104, 1927, Laws of Florida (codified as s 49.01, F.S., as amended by Ch. 63-387, Laws of Florida, and transferred to Ch. 50, F.S., and renumbered s 50.011, F.S., by s 6, Ch. 67-254, Laws of Florida) were not considered or passed on by the court in Tylee v. Hyde, supra, State ex rel. Yaegar v. Rose, supra, or Culclasure v. Consolidated Bond and Mortgage Co., supra. Section 50.011, F.S., provides that the publication of any official or legal advertisement or publication in the nature of or in lieu of process of any kind shall be effected by:
 [P]ublication in a newspaper printed and published periodically once a week or oftener, containing at least 25 percent of its words in the English language, entered or qualified to be admitted and entered as second-class matter at a post office in the county where published, for sale to the public generally, available to the public generally for the publication of official or other notices and customarily containing information of a public character or of interest or of value to the residents or owners of property in the county where published, or of interest or of value to the general public.
Section 50.031, F.S., requires that such newspapers "at the time of such publication shall have been in existence for 1 year and shall have been entered as second-class mail matter at a post office in the county where published, or in a newspaper which is a direct successor of a newspaper which together have been so published. . . ." No legal publication of any kind is valid or binding or in compliance with the statutes providing for such publication unless publication is in accordance with the provisions of s 50.031, F.S. Section 50.031, F.S.
Your question presupposes compliance with the procedural requirements of ss 50.011 and 50.031, F.S. The issue then is whether a publication consisting solely of advertisements qualifies, pursuant to s 50.011, F.S., supra, as one "customarily containing information of a public character or of interest or of value to the residents or owners of property in the county where published, or of interest or of value to the general public."
The title of Ch. 12104, 1927, Laws of Florida, expresses the legislative intent and purpose to enact "[a]n Act [r]elating to and [d]efining the [t]erm "Newspaper' as [u]sed in the [e]xisting and [f]ormer [l]egislation of this [s]tate [r]elating to [p]rocess by [p]ublication and the [p]ublication of [n]otices and [d]eclaring the [c]ontemporaneous and [c]ontinuous [m]eaning and [r]ule of [i]nterpretation of such [l]egislation." The enacting clause in pertinent part defines the term "newspaper" for the purposes of that act, now codified as s 50.011, F.S., and provides the rule of construction of the provisions thereof. The rule of interpretation prescribed by the Legislature controls as against all other definitions or rules of construction. See Greenleaf 
Crosby Co., Inc. v. Coleman, 158 So. 421, 427 (Fla. 1934); Ervin v. Capital Weekly Post, Inc., 97 So.2d 464, 469 (Fla. 1957). See generally, 82 C.J.S. Statutes ss 314, 315. Chapter 12104, supra (and the identical provision in s 50.011, F.S.) explicitly states, inter alia, that any legislation directing or permitting a publication or notice in a newspaper is to be construed to require a publication in a newspaper which customarily (regularly or usually) contains information of a public character or of interest or value to the residents or property owners in the county where it is published, or of interest or value to the general public. I am not advised that the publication in question customarily (regularly or usually) contains any information of general public interest. The stated question recites that the publication "consists entirely of advertisements." I have found no Florida appellate decisions construing s 50.011, F.S., as enacted by Ch. 12104, 1927, Laws of Florida, and subsequently amended by Ch. 63-387, Laws of Florida. In the absence of any such judicial guidance or precedent otherwise, I am unable to say that a publication composed exclusively of advertisements (predominately classified ads) satisfies the requirements of s 50.011, F.S., or meets the procedural requirements of due process of law, even though it may otherwise meet the qualifications specified therein.
Therefore, it is my opinion that unless and until it is judicially determined otherwise, a "newspaper" composed exclusively of advertisements (predominately classified ads) is not a "newspaper" as contemplated by and for the purposes of s 50.011, F.S., and does not satisfy the requirements specified therein or meet the procedural requirements of due process of law, although it may otherwise meet the qualifications specified therein.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General