THREADGILL, Acting Chief Judge.
Sarasota Herald-Tribune Company (Herald-Tribune) appeals a final declaratory judgment in which the trial court interpreted sections 50.011, 50.031, and 197.402, Florida Statutes (1991), to require the publication of legal notices for delinquent taxes in the full run, or the total circulation, of a newspaper. We reverse because publication of the delinquent tax notices in a limited run of the Herald-Tribune comports with statutory requirements governing publication and serves the statutory intent of effective notice.
In 1987, the defendant/appellee Sarasota County began soliciting competitive bids for the publication of delinquent tax notices in order to lower its publication costs. The bid specifications set minimum distribution at 10,000, and in 1992, 9,000, to accommodate the circulation of the Venice Gondolier which is the County’s second largest newspaper. In the years that the Herald-Tribune, a newspaper with a general circulation of 115,-000, won the right to publish the delinquent tax notices, it published them only in the number of copies required by the bid specifications. The limited number of copies containing the notices were distributed to selected zip codes. In 1992, they were distributed to Herald-Tribune vending machines.
During the publication of the 1992 tax notices, a Herald-Tribune reporter questioned the County about distribution in less than the total circulation of the newspaper. After considering the matter, the county, in an abundance of caution, directed the Herald-Tribune to cease publication and award *607 ed the Venice Gondolier the right to publish the notices in its full run.
The Herald-Tribune brought an action for declaratory judgment to determine its rights under chapter 50 and section 197.402. Sun-coast Media Group, Inc., which publishes the Venice Gondolier, was permitted to intervene. The trial court concluded that the authority requesting the publication of delinquent tax notices can mandate a minimum number of copies for circulation, but that the newspaper chosen to circulate the notices must publish them in its full run.
The trial court cited the final order issued in The Miami Herald Publishing Co. v. Metropolitan Dade County, No. 89-07403-CA (Fla.Cir.Ct. April 4, 1989), which held that delinquent tax notices must appear in all issues and all editions of a newspaper making such publication. The order in Miami Herald is not binding in this case. In any event, that case appears to be distinguishable from this one given the comment of Gondolier’s counsel that a full run requirement was part of the Dade County bid specifications.
In determining whether the statutes require the tax roll to be published in the full run of a newspaper, we look to the intent of the legislature. See Armstrong v. City of Edgewater, 157 So.2d 422 (Fla.1963). Section 197.402, governing the advertisement of delinquent tax rolls, provides that “[wjhenever legal advertisements are required, the board of county commissioners shall select the newspaper as provided in chapter 50.” Sections 50.011 and 50.031, require publication in a newspaper in existence for at least one year, printed once a week or oftener, containing at least 25% of its words in English, considered second-class matter at the post office, for sale to the public generally, available to the public generally for the publication of notices, and containing information of interest to the general public or to residents or owners of property in the county where published.
There is no language in sections 50.-011, 50.031, or 197.402, to indicate that the legislature intended that legal notices be published in the full run of a newspaper. Courts are not authorized to embellish legislative requirements with their own notions of what might be appropriate. Johnson v. Taggart, 92 So.2d 606 (Fla.1957). If additional requirements are to be imposed, they should be inserted by the legislature. Id., at 608.
In Sunshine Construction of Key West, Inc. v. Board of Commissioners, Monroe County, 54 So.2d 524 (Fla.1951), the supreme court was required to determine whether a legal notice appearing once a week in a newspaper published six days a week was sufficient notice under section 49.01, Florida Statutes (1949), the predecessor to section 50.011. The court held that there was “no injunction in the law to put the notice in each issue and so to hold would be to supply something not required or, we think intended.” Id., at 525. The court found no reason to conclude that a board of county commissioners which has the choice of a daily or weekly newspaper should be required to publish a notice seven times as often in one newspaper as in the other. Id. By analogy, we have found nothing in the statutes or case law that would require Sarasota County to publish its tax rolls in twelve times more copies of the Herald-Tribune than the Gondolier. See id. at 524.
The purpose of sections 50.011 and 50.031, is to provide as effective notice as possible to local residents and property owners of legal events and actions having local significance. Op. Att’y Gen. Fla. 74-125 (1974). There is nothing in the record to indicate that publication in 9,000 copies of the Gondolier, the circulation of which is confined primarily to the southwest portion of the county, would provide any more effective notice than publication in 9,000 copies of the Herald-Tribune. Therefore, in this particular case, the purpose of sections 50.011 and 50.031, would not be frustrated by publication in less than the full run of the Herald-Tribune. Moreover, the taxpayers who have not paid their taxes thirty days before the date of delinquency are notified by mail that if the property taxes are not paid, a tax certificate will be sold for the taxes and the property may be sold at a future date. See § 197.343(1), Fla.Stat. (1991).
Having found no statutory impediment to the publication of delinquent tax notices in a limited run of newspaper copies in this case, *608 we reverse the order of the trial court requiring full-run publication.
Reversed.
BLUE, J., and REESE, THOMAS S., Associate Judge, concur.