Ms. Julie E. Douthit Executive Director Workers' Compensation Oversight Board Suite 100, Marathon Building 2574 Seagate Drive Tallahassee, Florida 32399-2152
Dear Ms. Douthit:
You have asked for my opinion on substantially the following question:
Does section 440.4416(2)(d), Florida Statutes, require the Workers' Compensation Oversight Board to prepare transcripts of the meetings of committees appointed by the board?
In sum:
Section 440.4416(2)(d), Florida Statutes, does not require that verbatim transcripts be made of meetings of committees appointed by the Workers' Compensation Oversight Board, although such meetings are subject to the requirements of the Sunshine Law.
Chapter 93-415, section 38, at 98, Laws of Florida, creates the Workers' Compensation Oversight Board within the Department of Labor and Employment Security. One of the specific duties assigned to the board is to "[r]eport to the Legislature by January 1, 1995, as to the feasibility of a return-to-work program that includes incentives for employers who encourage such a program and disincentives for employers who hinder such a program."[1] More generally, the board is authorized to
adopt bylaws, formulate workers' compensation legislation or amendments, review, advise, and appear before the Legislature in connection with legislation that impacts the workers' compensation system, advise the division on policy, administrative and legislative issues, and appear before other state or federal agencies in connection with matters impacting the workers' compensation system.[2]
According to your letter, the board has formed committees to assist it in performing its statutory duties. You recognize that these committees must comply with the requirements of the Government in the Sunshine Law, section 286.011, Florida Statutes. However, you question whether these committees must satisfy the more rigorous requirements imposed by section 440.4416(2)(d), Florida Statutes.
Section 440.4416(2)(d), Florida Statutes, provides that:
The board shall hold such meetings during the year as it deems necessary, except that the chairman, a quorum of the board, or the division may call meetings. The board shall maintain transcripts of each meeting. Such transcripts shall be available to any interested person in accordance with chapter 119.
The statute clearly imposes this transcript requirement on meetings of the board itself.
Where the language used by the Legislature makes clear its intent, that intent must be given effect.[3] Thus, absent a violation of a constitutional right, a specific, clear and precise statement of legislative intent will control in the interpretation of a statute.[4] Like the courts, this office is not authorized to embellish legislative requirements with its own notions of what may or may not be appropriate.[5] If additional requirements are to be imposed, they should be inserted by the Legislature.[6]
It is apparent that the board has created these committees in an effort to more efficiently perform the tasks assigned to it by the Legislature. However, imposition of the transcription requirement to all situations where the business of the board is being conducted outside a scheduled meeting could produce extreme results. Discussions of board business by two or more members would be subject to the transcription requirement under this rationale. While such a meeting must be conducted in compliance with the Government in the Sunshine Law,[7] I cannot say that the more burdensome requirement of a transcript is imposed by the statute except upon meetings of the board itself.
Thus, it is my opinion that section 440.4416(2)(d), Florida Statutes, does not require that meetings of committees formed by the Workers' Compensation Oversight Board must be transcribed verbatim. However, such meetings are subject to the provisions of section 286.011(2), Florida Statutes, which requires that "[t]he minutes of a meeting of any such board or commission . . . shall be promptly recorded, and such records shall be open to public inspection."[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 440.4416(2)(a)2., Fla. Stat.
[2] Section 440.4416(2)(b), Fla. Stat.
[3] See, Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861 (Fla. 1st DCA 1985); Philip Crosby Associates, Inc., v. State Board of Independent Colleges, 506 So.2d 490 (Fla. 5th DCA 1987).
[4] Carawan v. State, 515 So.2d 161 (Fla. 1987).
[5] Cf., Johnson v. Taggart, 92 So.2d 606 (Fla. 1957).
[6] Id. at 608.
[7] See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974) (publicly-created advisory board subject to the Government in the Sunshine Law). And see, Inf. Op. Att'y Gen. Fla. to Paul J. Nicoletti, November 18, 1987 (the Loxahatchee Council of Governments Inc., formed by eleven public agencies to study and make recommendations on local governmental issues was an "agency" for purposes of Ch. 119, Fla. Stat.)
[8] Cf., Op. Att'y Gen. Fla. 82-47 (1982), concluding that municipality is not required under the provisions of s.286.011(2), Fla. Stat., to provide a verbatim transcript of all meetings of the city council for public inspection; pursuant to s.286.011(2), Fla. Stat., a municipality is required to promptly record and open to public inspection "minutes" of all meetings of the city council, i.e., a brief summary or series of brief notes or memoranda reflecting the events of the meetings.