Ms. Pamela K. Akin Clearwater City Attorney Post Office Box 4748 Clearwater, Florida 33758-4748
Dear Ms. Akin:
On behalf of the City of Clearwater, you have asked for my opinion on substantially the following question:
In conducting an investigation under section 112.532, Florida Statutes, which may result in discipline of a law enforcement officer, may a law enforcement agency substitute written interrogatories for a personal interrogation of the officer under investigation?
In sum:
A law enforcement agency is not authorized by section 112.532, Florida Statutes, to substitute written interrogatories for a personal interrogation of a law enforcement officer under investigation pursuant to that section.
Part VI of Chapter 112, Florida Statutes,[1] is commonly referred to as "The Policeman's Bill of Rights" or "The Law Enforcement Officers' Bill of Rights,"[2] and is designed to ensure certain rights for law enforcement and correctional officers.[3] As the court stated in Longo v. City of Hallandale,[4] Part VI of Chapter 112, Florida Statutes, applies only to "intradepartmental interrogation and investigation, and [has] as its purpose the protection of subordinate officers from `third degree' tactics by superior officers. . . ."[5] (emphasis supplied by the court.)
Section 112.532(1), Florida Statutes, requires that whenever a law enforcement officer or correctional officer, as defined in section112.531(1) and (2), Florida Statutes, is under investigation and subject to interrogation by members of the employing agency for any reason that could lead to disciplinary action, demotion, or dismissal, the interrogation shall be conducted under the conditions prescribed by the statute.[6] Section 112.532, Florida Statutes, also sets forth other rights and privileges possessed by law enforcement officers and correctional officers, including the establishment of complaint review boards;[7] the right of law enforcement officers and correctional officers to bring civil suits;[8] the right of law enforcement officers or correctional officers to have notice of disciplinary action;[9] and a prohibition against retaliatory action being taken against law enforcement officers and correctional officers who exercise their rights.[10]
You question whether this process may allow the use of written interrogatories as a substitute for the personal interrogation of a law enforcement officer pursuant to section 112.532, Florida Statutes. Based on a reading of the plain language of section112.532, it is my opinion that written questions and answers may not be substituted for a personal interrogation.
Section 112.532, Florida Statutes, specifically provides:
"(1) RIGHTS OF LAW ENFORCEMENT OFFICERS AND CORRECTIONAL OFFICERS WHILE UNDER INVESTIGATION. — Whenever a law enforcement officer or correctional officer is under investigation and subject to interrogation by members of his or her agency for any reason which could lead to disciplinary action, demotion, or dismissal, such interrogation shall be conducted under the following conditions:
(a) The interrogation shall be conducted at a reasonable hour, preferably at a time when the law enforcement officer or correctional officer is on duty, unless the seriousness of the investigation is of such a degree that immediate action is required.
(b) The interrogation shall take place either at the office of the command of the investigating officer or at the office of the local precinct, police unit, or correctional unit in which the incident allegedly occurred, as designated by the investigating officer or agency.
(c) The law enforcement officer or correctional officer under investigation shall be informed of the rank, name, and command of the officer in charge of the investigation, the interrogating officer, and all persons present during the interrogation. All questions directed to the officer under interrogation shall be asked by and through one interrogator at any one time.
* * *
(e) Interrogating sessions shall be for reasonable periods and shall be timed to allow for such personal necessities and rest periods as are reasonably necessary.
(f) The law enforcement officer or correctional officer under interrogation shall not be subjected to offensive language or be threatened with transfer, dismissal, or disciplinary action. No promise or reward shall be made as an inducement to answer any questions.
(g) The formal interrogation of a law enforcement officer or correctional officer, including all recess periods, shall be recorded on audio tape, or otherwise preserved in such a manner as to allow a transcript to be prepared, and there shall be no unrecorded questions or statements. Upon the request of the interrogated officer, a copy of any such recording of the interrogation session must be made available to the interrogated officer no later than 72 hours, excluding holidays and weekends, following said interrogation."
The language of the statute is framed in mandatory terms, that is, the statute requires that a law enforcement officer "shall" have the rights and privileges described therein.[11] It is a general rule of statutory construction that when the controlling law specifies a procedure, that is, in effect, a prohibition against proceeding in any other way.[12]
Section 112.532, Florida Statutes, clearly contemplates an in-person interview between the law enforcement officer or correctional officer being questioned and the interrogating officer and others present. If interrogating sessions were to be conducted by written interrogatories, there would be no necessity to establish guidelines for such particulars of conducting these sessions as the time and place of the interrogation, the persons to be present, language to be used during the course of the interrogation session, recess periods, and recording the interrogation on audio tape.
While section 112.532, Florida Statutes, does not define the term "interrogation" for purposes of the Law Enforcement Officers Bill of Rights, I would note that the term is defined for purposes of the "Firefighters' Bill of Rights."[13] Section 112.81(6), Florida Statutes, defines an "[i]nterrogation" as:
"[T]he questioning of a firefighter by an employing agency in connection with a formal investigation or an administrative proceeding but shall not include arbitration or civil service proceedings. Questioning pursuant to an informal inquiry shall not be deemed to be an interrogation."
While this definition is of limited use in resolving your inquiry, I would note that the Legislature has specifically provided for the use of written interrogatories under particular circumstances. For example, in section 112.31895(3)(a)8., Florida Statutes, a section of the Code of Ethics for Public Officers and Employees, the Florida Commission on Human Relations is empowered to "[a]dminister oaths, examine witnesses, take statements, issue subpoenas, order the taking of depositions, order responses to written interrogatories, and make appropriate motions to limit discovery, pursuant to investigations under subparagraph 1."[14]
Thus, the Legislature has made provision for the use of written interrogatories in those situations where it has deemed this method appropriate. In the absence of any such language in section112.532, Florida Statutes, this office cannot read such authority into the law.[15]
In sum, it is my opinion that a law enforcement agency is not authorized by section 112.532, Florida Statutes, to substitute written interrogatories for a personal interrogation of a law enforcement officer under investigation pursuant to that section.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Sections 112.531 through 112.534, Fla. Stat.
[2] See, e.g., Mesa v. Rodriguez, 357 So.2d 711 (Fla. 1978);Ragucci v. City of Plantation, 407 So.2d 932 (Fla. 4th DCA 1981).
[3] See, s. 112.532, Fla. Stat., which provides that "[a]ll law enforcement officers and correctional officers employed by or appointed to a law enforcement agency or a correctional agency shall have the following rights and privileges. . . ." And see,
s. 112.531(1) and (2), Fla. Stat., respectively defining "[l]aw enforcement officer" and [c]orrectional officer."
[4] 42 Fla. Supp. 53, 57 (17th Cir., Broward Co., 1975),affirmed, 331 So.2d 397 (Fla. 4th DCA 1976), cert. den.,341 So.2d 1080 (Fla. 1976).
[5] And see, Ops. Att'y Gen. Fla. 97-62 (1997) and 86-91 (1986).Cf., Op. Att'y Gen. Fla. 86-26 (1986).
[6] Ops. Att'y Gen. Fla. 97-62 (1997), 86-91 (1986), and 75-41 (1975).
[7] Section 112.532(2), Fla. Stat.
[8] Section 112.532(3), Fla. Stat.
[9] Section 112.532(4), Fla. Stat.
[10] Section 112.532(5), Fla. Stat.
[11] The word "shall" is normally used in a statute to connote a mandatory requirement. See, Drury v. Harding, 461 So.2d 104 (Fla. 1984); Holloway v. State, 342 So.2d 966 (Fla. 1977); Neal v.Bryant, 149 So.2d 529 (Fla. 1962).
[12] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Thayerv. State, 335 So.2d 815, 817 (Fla. 1976); Op. Att'y Gen. Fla. 90-65 (1990).
[13] Section 112.80, Fla. Stat., provides the short title for the act.
[14] For other statutes authorizing the use of written interrogatories in investigations, see, sections 337.165(6);542.28(1)(b), (2)(d), (3), Fla. Stat.
[15] Cf., Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974); Sarasota Herald-Tribune Co. v. Sarasota County,632 So.2d 606 (Fla. 2d DCA 1993).