Mr. Ned N. Julian, Jr. Attorney for the Seminole County School District 400 East Lake Mary Boulevard Sanford, Florida 32773
Mr. Thomas F. Lang Attorney for the Seminole County School Readiness Coalition Post Office Box 3628 Orlando, Florida 32802
Dear Mr. Julian and Mr. Lang:
You ask substantially the following questions:
1. Is the School Readiness Coalition of Seminole County, created pursuant to section 411.01, Florida Statutes, a public agency for purposes of audit review, record-keeping responsibilities, and determining its relationship with other governmental entities?
2. Must the coalition enter into a contract with the Florida Partnership for School Readiness in order to receive funds and to carry out its duties?
3. Is development of a plan and approval of such by the Florida Partnership for School Readiness sufficient for the coalition to receive funds and carry out its duties?
4. Is the Comptroller authorized to require a contract and a plan before the coalition may receive school readiness funds?
In sum:
1. School readiness coalitions created pursuant to section 411.01, Florida Statutes, would appear to be public agencies in their relationship with the Florida Partnership for School Readiness and the Agency for Workforce Innovation, and therefore subject to audits for expenditures of public funds, performance review, and the requirements of Chapter 119, Florida Statutes.
2. While a school readiness coalition must conform to the program approved by the Florida Partnership for School Readiness, there is no statutory requirement that a coalition enter into a contract with the partnership in order to be eligible for funds and to carry out its duties.
3. and 4. Development of a plan by a school readiness coalition and approval of such plan by the Florida Partnership for School Readiness qualifies a coalition to receive funds and to carry out its duties; this office cannot read into the statute additional requirements for a plan or contract with the Comptroller before such funds may be disbursed. However, the Comptroller is authorized to require documentation prior to releasing funds to a coalition.
Question One
It is the Legislature's intent that section 411.01, Florida Statutes, "establish an integrated and quality seamless service delivery system for all publicly funded early education and child care programs operating in this state."[1] School readiness programs, incorporating a "developmentally appropriate education component for the state's eligible birth-to-kindergarten population," are recognized as a way to increase children's chances to achieve future educational success.[2] Section411.01(3), Florida Statutes, creates the school readiness program to be phased in on a coalition-by-coalition basis by school readiness coalitions (coalition) with the responsibility to develop and implement plans for the program. Each program is to have at its disposal funding from all the coalition's early education and child care programs that are funded with state, federal, lottery, or local funds.[3]
School readiness coalitions, made up of at least 18 but no more than 25 members, are created pursuant to section 411.01(5), Florida Statutes.[4] Specified individuals are required to be members,[5] are subject to the ethics provisions in Part III, Chapter 112, Florida Statutes, and for purposes of tort liability are governed by section 768.28, Florida Statutes.[6]
The school readiness program must be established for children from birth to 5 years of age or until a child enters kindergarten, and is to be administered by the coalition.[7] Section 411.01(5)(c), Florida Statutes, sets forth the expectations that must be met by such a program. These include preparing children for kindergarten, providing extended-day and extended-year services, preparing a community plan to address the needs of all eligible children, and implementing a comprehensive program of readiness services.[8] It is the responsibility of the coalition to develop a plan for implementing the program in order to meet the requirements of section 411.01, and the performance standards and outcome measures established by the Florida Partnership for School Readiness (partnership).[9] Prior to implementation of the program, the coalition must submit the plan to the partnership for approval; the partnership may approve the plan, reject the plan, or approve the plan with conditions.[10]
The plan for a school readiness program must include minimum standards and provisions specified in section 411.01(5)(d)3., Florida Statutes. It must provide a business plan that includes a contract with a school readiness agent if the coalition is not a legally established corporate entity.[11]
Coalitions must follow the competitive procurement requirements of section 287.057, Florida Statutes, for school readiness programs.[12] Payment schedules for programs funded by the coalition must be provided to the partnership for information.[13]
The school readiness coalition is required to conduct an evaluation of the effectiveness of the school readiness program and must provide an annual report to the Florida Partnership for School Readiness.[14] Moreover, all publicly funded school readiness programs are required to meet the performance standards and outcome measures developed and approved by the partnership.[15]
Coalition as a Public Agency
A determination of whether an entity such as a school readiness coalition is a public agency depends upon whether it is acting as or on behalf of a governmental entity. Further, such a determination may depend on the statute under which it is acting and the types of duties it performs.
For purposes of determining whether the Auditor General may audit a particular entity, the term "governmental entity" is broadly defined as "a state agency, a county agency, or any other entity, however styled, that independently exercises any type of state or local governmental function."[16] In this instance, the Legislature has created school readiness coalitions as entities responsible for implementing school readiness plans. While the
coalitions are monitored by the Florida Partnership for School Readiness and receive instruction from the Agency for Workforce Innovation,[17] the Legislature has mandated that they receive all funds appropriated to the individual counties for their school readiness programs and that they be responsible for ensuring the delivery of the services provided by the programs in expending such funds.
As noted above, there are several reports and evaluations that coalitions are required to prepare in order to assess the effectiveness of the school readiness programs. Moreover, the Office of Program Policy Analysis and Government Accountability reviews the "implementation, efficiency, and outcomes of the school readiness program."[18]
Accordingly, it is my opinion that school readiness coalitions created pursuant to section 411.01, Florida Statutes, are public agencies in their relationship with the Florida Partnership for School Readiness and the Agency for Workforce Innovation, and are subject to audits for expenditures of public funds and performance review.
Coalition's Record-keeping Responsibility
For purposes of determining whether an agency is subject to the Public Records Law, section 119.011(2), Florida Statutes, defines "agency" to include:
"any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."[19]
This definition is not limited to governmental entities and has been found to extend to advisory bodies making recommendations to public agencies.[20] As noted above, however, school readiness coalitions are established by the Legislature to create and implement plans for the school readiness program envisioned in section 411.01, Florida Statutes. Use of the term "coalition" to describe the governmental entity carrying out the purpose of
section 411.01, Florida Statutes, would not appear to remove such an entity from the definition of an "agency" in section119.011(2), Florida Statutes.
Thus, it is my opinion that school readiness coalitions are subject to the requirements of Chapter 119, Florida Statutes, in the handling of records made or received pursuant to its statutory responsibilities and in the course of official business.[21]
Question Two
A school readiness coalition must conform to the program approved by the Partnership for School Readiness and operate under the direction of the Agency for Workforce Innovation.[22] However, there is no requirement in section 411.01, Florida Statutes, that a coalition enter into a contract with the partnership in order to be eligible for funds and to carry out its duties. This office has no authority to create a statutory requirement for a contract between the coalition and the partnership when the Legislature has not required it.[23]
Questions Three and Four
As discussed above, a school readiness coalition must develop a plan for school readiness, subject to approval by the Partnership for School Readiness, before it may be implemented by the coalition. Pursuant to section 411.01(9)(c), Florida Statutes, the Agency for Workforce Innovation prepares a plan that provides for the distribution and expenditure of all state and federal school readiness funds based upon an equity and performance
funding formula. Such plan is submitted for approval to the Governor and the Legislative Budget Commission. Upon approval, the commission "shall authorize the transfer of funds to the Agency for Workforce Innovation for distribution in accordance with the provisions of the formula."[24] All funds, including state, federal, and local matching funds, are "transferred for the benefit of the coalition for implementation of its plan . . . ."[25]
Thus, while the coalition's plan is subject to approval by the Partnership for School Readiness, and the plan for distribution of funds is subject to approval by the Governor and the Legislative Budget Commission, there is no statutory requirement that the coalition submit a plan or contract for approval by the Comptroller prior to disbursement of funds. However, section17.03(3), Florida Statutes, authorizes the Comptroller to adopt and disseminate procedural and documentation standards for payment requests by agencies. Pursuant to this authority, administrative rules adopted by the Department of Banking and Finance set forth requirements to be met concerning vouchers submitted to the Comptroller for payment and provide that "[a]ll vouchers submitted to the Office of the Comptroller for disbursement or transfer of funds shall include documentation to show that the requested disbursement or transfer is authorized by law, unless such authority is evident from the face of the voucher. . . ."[26]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tzg
[1] Section 411.01(9)(a), Fla. Stat.
[2] Section 411.01(2)(a) and (h), Fla. Stat.
[3] Section 411.01(3)(a), Fla. Stat.
[4] Section 411.01(5)(a)2., Fla. Stat.
[5] Section 411.01(5)(a)2.a.-m., Fla. Stat.
[6] Section 411.01(5)(a)4. and 5., Fla. Stat.
[7] Section 411.01(5)(b), Fla. Stat.
[8] Section 411.01(5)(c)1. and 2., Fla. Stat.
[9] Section 411.01(5)(d)2., Fla. Stat.
[10] Id.
[11] Section 411.01(5)(d)3.i., Fla. Stat.
[12] Section 411.01(5)(e)1., Fla. Stat.
[13] Section 411.01(5)(e)2., Fla. Stat.
[14] Section 411.01(5)(g), Fla. Stat.
[15] Section 411.01(8), Fla. Stat.
[16] Section 11.45(1)(d), Fla. Stat.
[17] See, s. 411.01(9)(b)2., Fla. Stat.
[18] Section 411.01(11), Fla. Stat.
[19] Article I, s. 24, Fla. Const., establishes a constitutional right of access to any public record made or received in the course of official business of any public body, officer, or employee of the state, or persons acting on their behalf, with the exception of those records specifically exempted by law or made confidential.
[20] See, Op. Att'y Gen. Fla. 96-32 (1996), in which this office concluded that an employee advisory committee established pursuant to a special act to make recommendations to a public hospital authority was subject to Ch. 119, Fla. Stat.
[21] It should be noted that the school readiness coalitions would also be subject to s. 286.011, Fla. Stat., requiring meetings of public boards or commissions be open to the public.See, Times Publishing Company v. Williams, 222 So.2d 470, 473
(Fla. 2d DCA 1969) (Legislature's intent was to extend application of the Sunshine Law to "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control").
[22] See, ss. 411.01(5)(d)5. and 411.01(9)(b)2., Fla. Stat.
[23] Cf., Johnson v. Taggart, 92 So.2d 606 (Fla. 1957) (courts are not authorized to embellish legislative requirements with their own notions of what might be appropriate). And see, SarasotaHerald-Tribune Co. v. Sarasota County, 632 So.2d 606 (Fla. 2d DCA 1993).
[24] Section 411.01(9)(c), Fla. Stat.
[25] Section 411.01(9)(d), Fla. Stat.
[26] Rule 3A-40.002(1), F.A.C.