Dear Ms. Hernandez:
On behalf of the City of Coral Gables, you ask substantially the following question:
What triggers the beginning of the 180 days in which an agency must complete its investigation of a complaint against a law enforcement or correctional officer?
Part VI of Chapter 112, Florida Statutes, is known as the "Law Enforcement Officers' Bill of Rights." Section 112.532, Florida Statutes, grants a law enforcement or correctional officer specific rights when one is under investigation and subject to interrogation by members of his or her agency for any reason that could lead to disciplinary action, demotion, or dismissal.[1] No disciplinary action may be taken or punishment given unless the officer is notified of the action and the reason for the action prior to the effective date of such action.[2] Further limitations on disciplinary action are imposed by section 112.532(6)(a), Florida Statutes, which provides:
 "Except as provided in this subsection, no disciplinary action, demotion, or dismissal shall be undertaken by an agency against a law enforcement officer or correctional officer for any act, omission, or other allegation of misconduct if the investigation of such allegation is not completed within 180 days after the date the agency receives notice of the allegation by a person authorized by the agency to initiate an investigation of the misconduct. In the event that the agency determines that disciplinary action is appropriate, it shall complete its investigation and give notice in writing to the law enforcement officer or correctional officer of its intent to proceed with disciplinary action, along with a proposal of the action sought. Such notice to the officer shall be provided within 180 days after the date the agency received notice of the alleged misconduct, except as follows:
 1. The running of the limitations period may be tolled for a period specified in a written waiver of the limitation by the law enforcement officer or correctional officer.
 2. The running of the limitations period shall be tolled during the time that any criminal investigation or prosecution is pending in connection with the act, omission, or other allegation of misconduct.
 3. If the investigation involves an officer who is incapacitated or otherwise unavailable, the running of the limitations period shall be tolled during the period of incapacitation or unavailability.
 4. In a multijurisdictional investigation, the limitations period may be extended for a period of time reasonably necessary to facilitate the coordination of the agencies involved." (e.s.)
The limitation on the time in which an investigation must be completed was added to the statute during the 2005 legislative session.[3] Previously, there was no statutory requirement that an investigation be completed within a set period of time.[4] The statutory language pertinent to your question is "the date the agency receives notice of the allegation by a person authorized by the agency to initiate an investigation of the misconduct." Thus, the receipt of the notice of the allegation by the person authorized by the agency to initiate the investigation is the "triggering" event that begins the statutorily prescribed time-frame in which to conduct the investigation.
Every law enforcement agency and correctional agency is required by statute to establish and put into operation a system for receiving, investigating and making determinations of complaints received by the agency from any person.[5] The statute, however, does not specify who within the agency must receive the complaint; in requiring that the system provide for the receipt of complaints, the law enforcement agency or correctional agency would necessarily have to make such a designation.[6]
It is beyond the authority of this office to read additional requirements into the statute or to stand in the shoes of the law enforcement agency and make such a determination.[7] Thus, it would appear that the policy of the law enforcement agency would specify the individual or individuals who are authorized by the agency to initiate the investigation.
You also ask whether an inability of internal affairs to conduct its investigation tolls the period in which the investigation must be completed. As noted above, section 112.532(6)(a), Florida Statutes, prescribes the circumstances under which the period will be tolled and no others are contemplated. Where the Legislature has prescribed the manner by which something is to be done, it generally operates as a prohibition against its being done in a different manner.[8] Thus, only those instances set forth in section 112.532(6)(a)1.-4., Florida Statutes, will toll the 180-day time limit on the investigation of a law enforcement or correctional officer.
Sincerely,
Charlie Crist Attorney General
CC/tals
[1] Section 112.532(1), Fla. Stat.
[2] Section 112.532(4)(a), Fla. Stat.
[3] Section 3, Ch. 2005-100, Laws of Florida.
[4] See s. 112.532, Fla. Stat. (2004).
[5] Section 112.533(1), Fla. Stat.
[6] See Op. Att'y Gen. Fla. 97-62 (1997) (Law Enforcement Officers' Bill of Rights contemplates an integrated system for resolving complaints against law enforcement officers: receipt of the incoming complaint, an investigation of the substance of that complaint, and a determination of whether to proceed with disciplinary action or file charges).
[7] See Op. Att'y Gen. Fla. 94-81 (1994) (Like the courts, this office is not authorized to embellish legislative requirements with its own notions of what may or may not be appropriate.); cf. Johnson v. Taggart, 92 So. 2d 606 (Fla. 1957).
[8] Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944);Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952);Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976).