149 So.2d 529 (1962)
William James NEAL, Petitioner,
v.
Farris BRYANT, Governor of Florida; Tom Adams, Secretary of State; Richard W. Ervin, Attorney General; J. Edwin Larson, State Treasurer; Thomas D. Bailey, State Superintendent of Public Instruction; as and constituting the State Board of Education of Florida, Respondents.
Mary Frances BRADSHAW, Petitioner,
v.
STATE BOARD OF EDUCATION OF FLORIDA, a body corporate, Respondent. Anne Louise Poston, Petitioner,
v.
STATE BOARD OF EDUCATION OF FLORIDA, a body corporate, Respondent.
Nos. 30994, 31705, 31706.
Supreme Court of Florida.
October 19, 1962.
Rehearing Denied February 27, 1963.
*530 William T. Fussell, Tampa, and Cotten, Shivers, Gwynn & Daniel, Tallahassee, for William James Neal, Pat Whitaker of Whitaker Brothers, Tampa, for Mary Frances Bradshaw and Anne Louise Poston, petitioners.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for State Board of Education of Florida, respondent.
HOBSON (Ret.), Justice.
The three petitioners in these cases which were consolidated for the purpose of argument before this court are former school teachers whose teaching certificates were revoked by action of the respondent State Board of Education. By petitions for writs of certiorari in the cases of Bradshaw and Poston, and by "Petition for Extraordinary Relief" in the case of Neal (which we have elected to treat as a petition for writ of certiorari), petitioners seek review by this court of the action by the State Board of Education. The facts and legal issues involved in the three cases are essentially identical.
In October, 1959, the three petitioners were questioned separately by one R.J. Strickland, who was employed as an investigator for the legislative investigative committee created by Chapter 59-207, Laws of Florida, 1959. Strickland was employed by the legislative committee and had no connection whatever with the State Board of Education. However, by agreement between the chairman of the legislative committee and the State Superintendent of Public Instruction, who is a member of the State Board of Education, Strickland was to apprise the Superintendent of the results of his investigations when they involved teachers in the public schools of the State.
Strickland questioned the petitioners in a room provided for him in one of the schools in Pinellas County. The petitioners were requested by their superiors to go to the room where the questioning was to take place. It appears from the record that at least one school official and police officers were present. A tape recording of the interrogation was made. There is testimony that each petitioner, having been advised that he did not have to make a statement, admitted prior participation in homosexual activities.
The results of this investigation were, in accordance with the agreement referred to above, furnished to the State Superintendent of Public Instruction, who apparently referred the matter to the respondent Board of Education which, in turn, appointed as hearing officer an attorney employed by the Attorney General of the State of Florida.
It appears that in January, 1961, the hearing officer reported by letter to the secretary of the State Board of Education that, after examining the report of the legislative committee's investigator, he had determined that there was sufficient probable cause to justify revocation of the teaching certificates of each of the petitioners. Copies of these letters were mailed to each of the petitioners, and they were thereby notified of a hearing to be held on the question of the revocation of their certificates.[1]
Subsequently, a joint hearing in the cases of Poston and Bradshaw, and a separate *531 hearing in the case of Neal were held before the hearing officer. At these hearings the petitioners were represented by counsel. In each case, the only evidence as to acts of homosexuality on the part of petitioners was the testimony of Strickland as to admissions to him by the petitioners of the commission of such acts.
Following the above-described hearings the hearing officer filed with the State Board of Education his findings of fact, conclusions of law and recommendations. In each case, the hearing officer found that the petitioner in question had admitted to Strickland participation in homosexual acts. It was the hearing officer's conclusion that the evidence afforded an adequate basis upon which the respondent Board could proceed with the view to the revocation of the teaching certificate of each of the petitioners as provided for by Section 229.08(16), Florida Statutes, 1959, F.S.A.
On March 21, 1961, the State Board of Education met and considered petitions presented by the State Superintendent of Public Instruction, for the revocation of petitioners' teaching certificates. Petitioners were again represented by counsel. The majority of the Board determined that no testimony would be heard in the cases but that the cases would be decided on the basis of the transcript of testimony taken before the hearing officer. The action in the cases was deferred until members of the Board had an opportunity to review the transcript of the hearings. Subsequently, on April 4, 1961, the Board met and by unanimous action voted to revoke the teaching certificates of the three petitioners.
The petitioners raise various points for review by this court. Upon full consideration of these issues, we are of the opinion that the action of the respondent Board in these cases must be reversed on the single ground that the revocation proceedings are fatally defective as the result of the failure of the Board to comply with the procedural mandates of the statutes authorizing revocation of teaching certificates. It will, however, be necessary to discuss briefly a number of the other points raised.
The respondent Board, in revoking petitioners' certificates, proceeded ostensibly under the provisions of Section 229.08(16), Florida Statutes, 1959, F.S.A. Subparagraphs (b) and (c) of that section provide:
"(b) Investigation required to be conducted and hearing held before revocation  Prior to revocation based upon charges alleging misconduct involving moral turpitude of any public school teacher or person holding a teaching certificate employed in the public schools by a county board of public instruction or any employee of any other public educational institution, agency, or board in this state, the state board shall, through its employees or appointees, conduct an investigation of the alleged misconduct in the manner hereinafter set out and shall receive the transcript of the proceedings before the hearing officer together with the recommendations of said hearing officer.
"(c) Investigation of probable cause.  The authority to investigate, granted hereby, is declared to be for the purpose of determining whether there is probable cause to believe that any public school teacher or person holding a teaching certificate employed in the public schools by a county board of public instruction or any employee of any other public educational institution, agency, or board in this state has been guilty of misconduct involving moral turpitude justifying revocation. Unless such investigating body shall determine that there is no such probable cause, it shall give each accused an opportunity to explain or refute the evidence of misconduct.
"If after completing its investigation, the investigating body shall determine that there is probable cause *532 of such misconduct, it shall forthwith file with the hearing officer a report containing its findings and recommendations as to each instance of misconduct. Upon receipt thereof, if the hearing officer finds from such report that there is probable cause of such misconduct justifying revocation, he shall cause a statement of the ultimate facts constituting the alleged misconduct to be filed with the state board, and a copy thereof shall be served upon the accused in accordance with rule of the state board except that such service and notice of hearing shall not be less than ten days next preceding the date of hearing thereof.
"In exercising the authority to investigate, the investigators may cause to be issued by the hearing officer such subpoenas as may be reasonably necessary to execute the intent hereof, which subpoenas may be returnable before said investigating body.
"In exercising the authority to investigate, the state board may appoint a professional organization that has the largest number of teachers in the public schools in the state, as members, to conduct such investigation. When appointed to conduct an investigation, the board of directors of such professional organization shall designate a committee of three persons, one of whom shall be the chairman, who shall be members of such organization, to personally conduct such investigation. The executive secretary of such organization shall act as secretary to the committee. Any member of the committee shall be authorized to administer oaths to witnesses. Should the accused be a nonmember of such professional organization, then and in that event two members of the investigating committee shall likewise be nonmembers."
Subparagraph (d) of the same section goes on to prescribe the procedure for holding a formal hearing before a hearing officer following the determination of the probable cause by the investigating committee.
The respondent Board concedes that the statutory procedure for appointing an investigating committee to make a preliminary determination of probable cause was not followed. It is contended however, that this requirement of the statute should be construed as directory, rather than mandatory.
Upon a full consideration of the provisions of the statute in question, it is our determination that the provisions thereof regarding a preliminary investigation as to probable cause are mandatory in nature. This construction is compelled by the use of the word "shall" in the statute in question which, according to its normal usage, has a mandatory connotation. 30 Fla. Jurisprudence, Statutes § 6. Moreover, this case does not fall within the exception to the mandatory meaning of the word "shall" which was recognized in the case of Reid v. Southern Development Co., 52 Fla. 595, 42 So. 206. In that case, this court quoted from the decision in the case of Hurford v. City of Omaha, 4 Neb. 336, wherein it was stated:
"When a particular provision of a statute relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or where the directions of a statute are given with a view to the proper, orderly and prompt conduct of business merely, the provision may generally be regarded as directory."
Most certainly, where the statute provides for the deprivation of a property right, the procedural requirements here in question cannot be regarded as an "immaterial matter" or a "matter of convenience rather than substance."
In the case of Laney v. Holbrook, 150 Fla. 622, 8 So.2d 465, 146 A.L.R. 202, it was held that the right of a principal of *533 the public schools to continue in that position was a "valuable property right." Moreover, it has also been held that where a statute provides for the deprivation of such a right, the provisions of such statute must be strictly followed. State ex rel. Jordan v. Pattishall et al., State Board of Dental Examiners, 99 Fla. 296, 126 So. 147. See also 1 Fla.Juris. Administrative Law, § 71.
It is clear that the interrogation of petitioners by the legislative investigator did not meet the requirements of an investigation for probable cause as required by the statute. As previously pointed out, Mr. Strickland was not an employee of the State Board of Education, nor did he have any connection with that body. He did not purport to conduct his investigation in accordance with the provisions of the statute, nor did he advise the petitioners that he was conducting a proceeding in conformity with the statute.
The respondent Board apparently takes the position that the statutory requirement of an investigation of probable cause may properly be dispensed with because under the facts of these cases such investigations would serve no useful purpose. Such an argument falls wide of the mark. It is not the province of an administrative body, nor indeed of this court, to weigh the wisdom of an enactment of the legislature. Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., Fla., 63 So.2d 924; Williams v. City of Jacksonville, 118 Fla. 671, 160 So. 15, 98 A.L.R. 513.
In the absence of any statute providing for the revocation of teachers' certificates, the respondent Board would be bound only to conform its actions toward that end to the organic requirements of the due process and "equality" provisions of our State and Federal Constitutions. However, inasmuch as the legislature has undertaken to prescribe a procedure for such revocation, the Board must comply with the mandates of that statute. As we have seen, their failure to do so in the instant case is clear. The hearing officer, without a prior determination of probable cause, made an ex parte finding that there was probable cause, and proceeded to set the matter for hearing. This action on his part was clearly contrary to the terms of the statute which provides that this determination shall initially be made by an investigating committee which "shall give each accused an opportunity to explain or refute the evidence of misconduct." Furthermore, the statute plainly contemplates that the investigating body and the hearing officer are not to be one and the same person.
It would have been a relatively simple matter for the State Agency to have followed Section 229.08(16). Instead of doing so the basic requirement of a preliminary investigation to determine probable cause was completely ignored. In lieu of following the statute, the State Board relied upon a so-called investigation by an investigator (Strickland) for the State Legislative Investigations Committee. This man had not been appointed by the State Board. He claims to have proceeded solely for the Legislative Committee, but, as aforestated, in accord with some understanding between the Committee Chairman and the State Superintendent to the effect that any evidence of sexual perversion in the public schools would be reported to the State Superintendent.
When the Legislative Committee investigator conducted the interviews, he had no power whatsoever to do so under the controlling statute which was Chapter 59-207, Laws of 1959. This statute created the Legislative Committee entirely for the purpose of investigating subversive activities. We have held that the power of this Committee to investigate is limited and circumscribed by the creating statute. Gibson v. Florida Legislative Investigation Committee, *534 Fla., 108 So.2d 729. When the Committee investigator set himself up to delve into the homosexual problem, there was no semblance of authority for so doing. The vice of this assumption of power is demonstrated by the fact that he called in the suspected people and told them that "My committee had subpoena power" but that if the power were invoked the hearing would have to be in public and that he had asked the suspects to come to talk to him privately, rather than to have a public hearing. Actually, the Committee had no such power to investigate these people at that time. The statements which they allegedly made were obviously extracted from them under a threat of publicity which might result from the threatened exercise of a power which the Committee did not possess.
Because of the procedural departure from the statute, the causes must be reversed and remanded for further proceedings to be conducted in compliance with the statute. As to the propriety of remanding the causes to the respondent Board for further proceedings in accordance with the statute, see Laney v. Holbrook, 150 Fla. 622, 8 So.2d 465, 146 A.L.R. 202. The court judicially notices that the 1961 session of the Florida Legislature amended Section 229.08 of the Florida Statutes by the enactment of Chapter 61-396, Laws of Florida, 1961, F.S.A. apparently for the purpose of making the preliminary investigation heretofore discussed discretionary with the Board, rather than mandatory. However, for the purpose of disposing of these cases on remand, the respondent Board should adhere to the requirements of the former statute, inasmuch as these proceedings were commenced thereunder.
The remaining points raised in this proceeding have been considered and found to be either without merit or unnecessary to a determination of this cause. For the reasons stated above, the action of the respondent Board in revoking the teaching certificates of the petitioners is vacated and the causes remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
THOMAS, DREW, THORNAL and O'CONNELL, JJ., concur.
ROBERTS, C.J., and TERRELL, J., dissent.
NOTES
[1] No such letter appears in the record in the case of Neal. However, it appears from other documents in the record that substantially the same procedure was followed in each of the three cases. For reasons which will hereinafter appear, the lack of such a letter in the record of the Neal case is of no consequence.