342 So.2d 966 (1977)
Ronald Mark HOLLOWAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 48103.
Supreme Court of Florida.
February 17, 1977.
*967 David A. Demers of the Law Offices of Robert W. Pope, St. Petersburg, for petitioner.
Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., for respondent.
BOYD, Justice.
Ronald Holloway was arrested by an on duty, uniformed St. Petersburg Beach City Police Officer, Thomas Lang, for kidnapping and rape. The arrest occurred within Pinellas County, but beyond the city limits of St. Petersburg Beach. Although beyond his jurisdiction as a City Police Officer, Lang had been appointed Deputy Sheriff of Pinellas County, posted bond and received his commission, but, as the State concedes, he had not taken the oath of office pursuant to Section 30.09(1)(a), Florida Statutes,[1] which provides that no deputy sheriff "shall" be allowed to perform any service as deputy until he "shall" subscribe to the oath prescribed for sheriffs. The trial court deemed the arrest to have been illegal and suppressed the tangible evidence and statements obtained through it.
On interlocutory appeal the District Court of Appeal, Second District, reversed and remanded the cause on a finding that a legal arrest had occurred both because Lang was a de facto deputy sheriff and because the language of Section 30.09(1), Florida Statutes, is directory, rather than mandatory. The court reasoned that to hold otherwise would impede the administration of criminal justice.
We have jurisdiction[2] because the decision[3] of the District Court conflicts with Stinson v. State, 76 Fla. 421, 80 So. 506 (1918), and Treasure, Inc. v. State Beverage Department, 238 So.2d 580 (Fla. 1970). In Stinson a deputy sheriff whose bond had not been approved was charged with murder. He defended on the basis that the killing was justifiable homicide which occurred when the victim resisted a lawful arrest. In affirming his conviction this Court said that the defendant had no authority under the statute to make the arrest because his bond as deputy sheriff had not been approved. In Treasure the Director of the Beverage Department had disqualified himself from conducting an administrative hearing. The Governor wrote a letter appointing *968 a juvenile judge to hear the cause, but the judge was neither commissioned nor sworn. A suggestion that the Governor's letter, standing alone, was insufficient to confer necessary authority upon the judge was denied and the hearing proceeded on its merits, resulting in an order fining Treasure. This Court voided the order holding that, in order to act lawfully, State officers appointed temporarily must be commissioned and sworn as required by Article IV, Section 14 and Article XVI, Section 2, Florida Constitution (1885). The decision recognized the rule that a de facto officer may act lawfully provided that a party to be affected does not make a timely attack on his authority. The rationale for the rule is that those who rely on the actions of an apparently qualified officer have a right to assume that he properly occupies his position, but if his authority is timely challenged innocent parties will be on notice not to rely on it to their detriment.
Treasure makes clear that the initial inquiry before applying the de facto officer rule is whether innocent parties have relied on apparent authority to their detriment. The State has not shown that any innocent party detrimentally relied on the actions of Officer Lang and no detrimental reliance is apparent from the record. Therefore, the District Court mistakenly concluded that Lang was a de facto officer.
We think the District Court was mistaken also in its conclusion that Section 30.09(1), Florida Statutes, is directory rather than mandatory. The word "shall," as used in statutes, is usually intended to be mandatory[4] rather than directory and the State has offered no reason for finding the legislative intent to be otherwise. We therefore hold the statute to be mandatory.
The decision of the District Court of Appeal, Second District, is quashed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
ADKINS, HATCHETT and DREW (Retired), JJ., concur.
OVERTON, C.J., dissents.
NOTES
[1] "30.09 Qualification of deputies; special deputies.  (1) Bond, sureties, performance of services.  (a) Each deputy sheriff, appointed as aforesaid, shall be required to give bond in the penal sum of one thousand dollars, payable to the Governor of Florida and his successors in office, with two or more good and sufficient sureties, to be approved by the board of county commissioners and filed with the clerk of the circuit court, which bond shall be conditioned upon the faithful performance of the duties of his office. No deputy sheriff shall be allowed to perform any services as such deputy until he shall subscribe to the oath now prescribed for sheriffs and until the approval of his bond. The aforesaid sureties shall be liable for all fines and amercements imposed upon their principal."
[2] Art. V, § 3(b)(3), Fla. Const.
[3] Reported at Fla.App., 318 So.2d 421.
[4] Florida Tallow Corp. v. Bryan, 237 So.2d 308 (Fla. 4th DCA 1970); White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973).