Honorable T. J. "Jerry" Greeson Clerk of Circuit and County Courts Nassau County
QUESTION: May the clerk of court refuse to record a subdivision plat which has been presented for recording pursuant to s.177.071, F.S., when it appears that the plat does not meet all the requirements imposed by Ch. 177, F.S.?
SUMMARY: The clerk of court has no duty or authority to review subdivision plats for sufficiency pursuant to Ch. 177, F.S. Therefore, the clerk may not refuse to record a subdivision plat which does not satisfy the requirements of Ch. 177, F.S.
According to your letter, you have recently received a number of subdivision plats to record which have not included such things as the surveyor's certificate, notary seals and signatures which are required by various provisions of Ch. 177, F.S. However, pursuant to s. 177.071(1), F.S., these subdivision plats have been approved by the appropriate governing body prior to being offered for recording. You are unsure of your duty to record such subdivision plats under these circumstances.
Part I, Ch. 177, F.S., establishes consistent minimum requirements[1]
to regulate and control the platting of lands.[2]
Every plat of a subdivision which is offered for recording must be produced in conformity with specific statutory requirements set forth in s. 177.091, F.S. (1990 Supp.). This statute prescribes such things as the type of ink to be used in preparing the plat,[3] the size of the sheet on which the plat is drawn,[4] the scale to be used,[5]
the placement of permanent reference monuments[6] and the location, width and names of all streets, water-ways or other rights-of-way.[7]
Additional requirements for subdivision plats are imposed by Ch.177, F.S. Section 177.061, F.S., provides that a land surveyor must certify on the plat that it has been prepared under his or her direction and supervision and that all the survey data complies with the requirements of Ch. 177, F.S. Section 177.081, F.S., requires that subdivision plats must contain a dedication executed by the developer or developers having a record interest in the lands subdivided.[8]
Pursuant to s. 177.071(1), F.S.:
 Before a plat is offered for recording, it shall be approved by the appropriate governing body, and evidence of such approval shall be placed on such plat. If not approved, the governing body shall return the plat to the land surveyor. However, such examination and approval for conformity to this chapter by the appropriate governing body shall not include the verification of the survey data, except by a land surveyor either employed by or under contract to the local governing body for the purpose of such examination. . . . (e.s.).
Thus, it appears that the local governing body, either the county or municipality, is charged with the duty to examine the subdivision plat and determine its conformity or lack thereof with the provisions of Ch. 177, F.S.[9]
The clerk of the circuit court is required by statute to record "all instruments that he may be required or authorized by law to record in the county where he is clerk."[10] The statute states that:
The clerk of the circuit court shall record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law:
(a) Deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, tax executions, and other instruments relating to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it . . . .
* * *
(g) Any other instruments required or authorized by law to be recorded.[11]
The statute set forth above provides that the clerk shall
record the specified documents upon payment of the service charge. The term "shall" in a statute has a mandatory connotation.[12]
In performing this duty, the clerk of circuity court acts in a purely ministerial capacity and has no discretion to determine the sufficiency of the documents presented for filing.[13]
In light of the statutory responsibility of local governing bodies to examine and approve subdivision plats for conformity with Ch.177, F.S., and the purely ministerial responsibilities of the clerk of court in recording such plats, it is my opinion that a clerk has no authority to check for sufficiency or refuse to record a subdivision plat presented for recording.
[1] Pursuant to s. 177.011, F.S., this part "establishes minimum requirements and does not exclude additional provisions or regulations by local ordinance, laws, or regulations."
[2] See, s. 177.011, F.S.
[3] Section 177.091(1)(a), F.S. (1990 Supp.).
[4] Id. at (2).
[5] Id. at (4).
[6] Id. at (7).
[7] Id. at (15).
[8] Section 177.081(1), F.S.
[9] But see, s. 177.071(2), F.S., which states that "[a]ny provision in a county charter, or in an ordinance of a county chartered under s. 6(e), Art. VIII of the State Constitution, which provision is inconsistent with anything contained in this section shall prevail in such charter county to the extent of any such inconsistency." You have not indicated that Nassau County has any inconsistent charter or ordinance provisions which would control in this situation.
[10] Section 28.222(1), F.S.
[11] Section 28.222(3), F.S.
[12] See, AGO 91-18 (if clerk can determine that an instrument, even though illegible, is entitled to be recorded, it must be recorded if properly executed and upon payment of the clerk's fee); Neal v. Bryant, 149 So.2d 529 (Fla. 1962).
[13] See, AGO 91-18 and cases cited therein.