David M. Fee, Jr. Assistant County Attorney Broward County
QUESTION:
1. May a person who has been issued a master electrician certificate of competency by the Broward county Central Examining Board of Electrical and Specialty Electrical Contractors perform alarm work for compensation without registering with the State of Florida, Department of Professional Regulation?
2. May a person who has been issued a certificate of competency for burglar alarm electrician by the Broward County Central Examining Board of the Electrical and Specialty Electrical Contractors perform alarm work for compensation without registering with the Department of Professional Regulation?
3. What is the effect of Ch. 91-119, Laws of Florida, on the ability of persons who have a current master electrician certificate of competency or a current certificate of competency as a burglar alarm electrician issued by the Broward County Central Examining Board of Electrical and Specialty Electrical Contractors to continue performing alarm work until the renewal date of the certificate?
SUMMARY:
1. and 2. A person who has been issued a local certificate of competency by the Broward County Central Examining Board of Electrical and Specialty Electrical Contractors may not perform any alarm work for compensation unless he or she is registered with the State of Florida, Department of Professional Regulation pursuant to Part II, Ch. 489, F.S. (1990 Supp.), as amended.
3. compliance with local requirements for contractor examination and local certification or registration does not relieve a contractor who wishes to engage in alarm system contracting in Broward County from complying with the registration requirements imposed by Part II, Ch. 489, F.S. (1990 Supp.), as amended.
As your questions are interrelated, I will address them together. Your questions refer to registration with the state of a person who wishes to engage in alarm system contracting in a limited geographical area, i.e., Broward County.
The Legislature has declared that alarm system contracting and electrical contracting are important and potentially dangerous services if not properly provided, and, therefore, must be regulated in the interest of public health, safety, and welfare.[1]
Part II, Ch. 489, F.S. (1990 Supp.), as amended by Ch. 91-119, Laws of Florida, represents the Legislature's regulatory scheme for those persons who wish to act as alarm system contractors within this state.
Pursuant to s. 489.516(1), F.S., as amended:[2]
 Any person who desires to engage in electrical or alarm system contracting on a statewide basis shall, as a prerequisite thereto, establish his competency and qualifications to be certified pursuant to this part. To establish his competency, a person shall pass the appropriate examination administered by the department. Any person who desires to engage in contracting[3] on other than a statewide basis shall, as a prerequisite thereto, be registered pursuant to this part, unless exempted by this part. (e.s.)
For purposes of Part II, ch. 489, F.S., "[c]ontracting" means "engaging in business as a contractor or performing electrical or alarm work for compensation and includes . . . performance of any of the acts found in subsection (2) and (12) [relating to alarm system contracting and electrical contracting respectively], which define the services which a contractor is allowed to perform."[4]
Prior to its amendment in 1991, application of the emphasized language in s. 489.516(1), F.S., supra, was restricted to electrical contracting. Based in part on this language this office, in AGO 89-46, stated that while Part II, Ch. 489, F.S. (1989), provided a procedure for certifying individuals engaging in alarm system contracting on a statewide basis, there was no analogous provision for the registration of persons engaging in alarm system contracting in a geographically limited area under a locally issued license. However, those amendments made by Ch. 91-119, Laws of Florida, appear to be directed at correcting any confusion as to the application of this legislature to locally licensed alarm system contractors.
Pursuant to s. 489.513(3), F.S., "[a]ll persons contracting in the state shall be registered with the department unless they are certified." (e.s.) The word "shall" is normally used in a statute to connote a mandatory requirement.[5] Further, s.489.531, F.S., prohibits any person from practicing contracting unless he or she is certified or registered and provides that a violation of the statute constitutes a first degree misdemeanor.
Finally, s. 489.537(4), F.S., provides that:
Any official authorized to issue building or other related permits shall ascertain that the applicant contractor is certified or registered and duly qualified according to any local requirements in the area where the construction is to take place before issuing the permit. The evidence shall consist only of the exhibition to him of current evidence of proper certification or registration and local qualification.
The Legislature has recognized the authority of local governments to implement local programs to serve the same purposes as the state legislation. Section 489.537, F.S., provides, in part that:
(5)(a) Municipalities or counties may continue to provide examinations[6] for their territorial area, provided that no examination is given the holder of a certificate. (b) Toengage in contracting in the territorial area, an applicant shallalso be registered with the board. (e.s.)
Thus, local governments are authorized to continue their own examination programs for contractors who are not state certified, however, the existence of such a program does not relieve the contractor from complying with the legislative mandate of state registration. Thus, persons engaged in either electrical contracting or alarm system contracting in the State of Florida must either be registered or certified.[7]
Therefore, it is my opinion that a person who has received a local certificate of competency from the county may not engage in alarm work for compensation without registering with the Department of Professional Regulation pursuant to Part II, Ch. 489, F.S. (1990 Supp.), as amended. The existence of a local examination and certification program operates independently of and does not relieve a contractor from compliance with state regulations relating to electrical and alarm system contracting.
[1] Section 489.501, F.S.
[2] Section 489.516(1), F.S., as amended by s. 7, Ch. 91-119, Laws of Florida.
[3] Prior to its amendment by Ch. 91-119, Laws of Florida, s. 489.516(1), F.S., provided that "[a]ny person who desires to engage in electrical contracting on other than a statewide basis shall . . . be registered pursuant to this part . . . ." (e.s.) This language which restricted the requirement of registration to electrical contractors resulted in this office suggesting that legislative clarification be sought on the question of state registration for alarm system contracting under locally issued licenses. See, AGO 89-46.
[4] The definition of "[c]ontracting" includes "[t]he attempted sale of contracting services and the negotiation or bid for a contract on these services also constitutes contracting. If the services offered require licensure or agent qualification, the offering, negotiation for a bid, or attempted sale of these services requires the corresponding licensure."
[5] See, Drury v. Harding, 461 So.2d 104 (Fla. 1984) and Holloway v. State, 342 So.2d 966 (Fla. 1977).
[6] And see, s. 489.537(3)(b), F.S., which authorized local governments to "collect fees for . . . examination fees from persons who are registered with the local boards pursuant to local examination requirements."
[7] And see, s. 489.516(2), F.S., stating that "[n]o person who is not certified or registered shall engage in the business of contracting in this state."