Ms. Kimberly Tucker, General Counsel Florida Department of Health and Rehabilitative Services 1317 Winewood Boulevard Building E, Suite 200 Tallahassee, Florida 32399-0700
Dear Ms. Tucker:
You have asked for my opinion on the following questions:
1. Can a person who meets the statutory requirements of section112.3187, Florida Statutes, waive all rights under the Whistle-blower's Act?
2. If the first question is answered in the affirmative, how does that affect the HRS Inspector General's ability to complete an ongoing investigation pursuant to section 112.3189, Florida Statutes?
In sum:
1. A person who has filed a complaint that falls within the scope of sections 112.3187-112.3189, Florida Statutes, may waive the right to confidential treatment of his or her name or identity. However, if the complainant subsequently withdraws the complaint, the Inspector General has the discretion to pursue the investigation.
2. No response to your second question is necessary.
According to your letter, a complaint has been filed that comes within the scope of section 112.3187(5)(a) and (b), Florida Statutes, that is, it is a complaint alleging:
(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare. (b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.
However, subsequent to filing a complaint and during the course of the investigation of the complaint, the employee advised the agency that he "did not desire whistle-blower status and further, did not want his allegations investigated as a whistle-blower investigation." Thus, your question is whether the employee may decide, after filing a whistle-blower's complaint, to "waive all rights under the Whistle-blower's Act" and withdraw his or her action from the statutorily prescribed process.
The Florida Legislature enacted the Whistle-blower's Act to prevent public agencies from taking retaliatory action against employees who report "violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare."[1] In addition, the act is intended to prevent retaliatory action being taken against any person "alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee."[2]
In order for a complaint to qualify as a whistle-blower's complaint, subject to investigation under section 112.3189, Florida Statutes, an employee of a state agency must disclose information as described in section 112.3187(5), Florida Statutes, to "the Office of the Chief Inspector General of the Executive Office of the Governor or to the agency inspector general[.]"[3]
Thus, the complaint must be made to certain specified persons in order to qualify for the protections extended by the act.
Pursuant to the act:
This section protects employees and persons who disclose information on their own initiative in a written and signed complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; who refuse to participate in any adverse action prohibited by this section; or who initiate a complaint through the whistle-blower's hotline; or employees who file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1), or to the Office of the Public Counsel. . . .[4]
In order to qualify as a whistle-blower complaint, particular information must be disclosed to certain statutorily designated officials; a general complaint of wrongdoing or a complaint to officials other than those specifically named does not entitle the complainant to whistle-blower protection.[5]
When a complaint is made to the Chief Inspector General or agency inspector general, the official receiving the information has 20 days in which to determine whether it is the type of information described in the act, whether the source of the information is a person within the scope of the act, and whether the information demonstrates reasonable cause to suspect a violation of the law.[6] If it is determined that all these factors are met, the Chief Inspector General or agency inspector general making the determination "shall then conduct an investigation[.]"[7] The requirement to investigate is phrased in mandatory terms[8] and nothing in the Whistle-blower's Act would terminate this duty in response to a request from the complainant.
Thus, once a complaint meeting the requirements set forth in sections 112.3187(5) and 112.3189, Florida Statutes, is filed by a person within the scope of protection by the act, it is subject to investigation by the Inspector General's office. Nothing in the act provides that this investigation may be terminated at the request of the complainant.
The only waiver that may be exercised by the complainant is a waiver of his or her right to the confidential treatment of his or her identity or name. Section 112.3188(1), Florida Statutes, states that the complainant may provide written consent to the disclosure of this information, but it is my opinion that the complainant is otherwise without authority to affect the process of investigation of a complaint filed pursuant to sections112.3187-112.3189, Florida Statutes.
While the complainant, like any plaintiff in a court action, has the right to withdraw from participation in the proceeding, this does not require the termination of the investigation. Based on the allegations presented and the evidence produced by the investigation, the Inspector General may proceed to investigate or may terminate the investigation under ss. 112.3187-112.3189, Florida Statutes.
Therefore, it is my opinion that a person who meets the statutory requirements of sections 112.3187 and 112.3189, Florida Statutes, may not waive the protections extended by the Whistle-blower's Act other than waiving the confidential status of his or her name or identity. A complainant may withdraw cooperation and participation from the investigation but the Inspector General is vested with the discretion to pursue or terminate the investigation of the whistle-blower's complaint under sections 112.3187-112.3189, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 112.3187(2), Fla. Stat.
[2] Id.
[3] See, s. 112.3189(1), Fla. Stat.
[4] See, s. 112.3187(7), Fla. Stat.
[5] See, Op. Att'y Gen. Fla. 93-80 (1993) in which it was concluded that a complaint filed with the Office of the Public Counsel did not come within the scope of the Whistle-blower's Act so that the protections of the act would be extended to the complainant, nor would transferring a copy of the complaint to the Chief Inspector General transform the complaint into one made within the terms of the statute.
[6] Section 112.3189(3), Fla. Stat.
[7] Section 112.3189(5)(a), Fla. Stat. And see, provisions of this section that authorize the Chief Inspector General or the agency inspector general to determine that an investigation is not necessary under certain circumstances.
[8] The word "shall" is normally used in a statute to connote a mandatory requirement. Drury v. Harding, 461 So.2d 104 (Fla. 1984); Holloway v. State, 342 So.2d 966 (Fla. 1977); Neal v. Bryant, 149 So.2d 529 (Fla. 1962).