Mr. David B. Erwin Attorney for Sunshine State One-Call of Florida, Inc. Post Office Box 1833 Tallahassee, Florida 32302-1833
Dear Mr. Erwin:
You have asked for my opinion on substantially the following question:
Is the Sunshine State One-Call system required by section556.105(4), Florida Statutes, to notify a member operator of proposed excavation or demolition when the member is also acting as the excavator?
In sum:
Section 556.105(4), Florida Statutes, imposes a mandatory notification requirement on the Sunshine State One-Call system to advise member operators of proposed excavation or demolition in an area within which they may have facilities, and contains no exceptions for those member operators who are also acting as excavators.
Chapter 556, Florida Statutes, is designated the "Underground Facility Damage Prevention and Safety Act."[1] The act establishes a statewide one-call, toll-free notification system for persons to give notice of their intent to excavate to owners of underground facilities in the area to be excavated.[2] This allows the owners of underground facilities an opportunity to identify their facilities before excavation occurs in order to avoid damage, injury or service disruption that may be caused by an excavator digging into underground facilities.[3]
The act creates a not-for-profit corporation. This corporation is made up of operators of underground facilities in Florida and is charged with administering the act.[4] Administration of the act is funded exclusively by assessed contributions from the member operators.[5] Pursuant to the act, a "[m]ember operator" is "any person who furnishes or transports materials or services by means of an underground facility except a municipality or county that has elected not to participate in the one-call notification system[.]"[6]
Section 556.105, Florida Statutes, describes the procedures to be followed by those persons who wish to engage in excavation or demolition that may affect underground facilities. The statute requires that "[n]ot less than 2 nor more than 5 business days before beginning any excavation or demolition," an excavator must call the statewide toll-free number during business hours and provide specific information regarding the proposed excavation, including the location of the job and the type of work to be done.[7] Each notification through the system is recorded to document compliance with the act and the person who provides notification is given the names of the member operators who receive notification of the call.[8]
The statute provides
"[a]ll member operators within the defined area of a proposed excavation or demolition shall be promptly notified through the system, except that member operators with state-owned underground facilities located within the right-of-way of a state highway need not be notified of excavation or demolition activities and are under no obligation to mark or locate such facilities."[9]
Those member operators whose facilities are close to a proposed excavation or demolition must identify and mark their facilities within 48 hours following notification.[10] There can be no demolition in an area until all member operators' underground facilities have been marked and located or removed.[11] Violations of Chapter 556, Florida Statutes, may result in criminal and civil penalties against the violator.[12]
According to your letter, it sometimes happens that member operators also act as excavators and in that capacity are required to notify the system. Some of these member operators/excavators have requested that they not receive notifications submitted to the system in their dual capacity as excavators. You have asked whether the duty of notification imposed by the act is mandatory and must be performed under these circumstances.
Section 556.105(4), Florida Statutes, provides that "[a]ll member operators within the defined area of a proposed excavation or demolition shall be promptly notified through the system[.]" (e.s.) The section specifically excepts member operators with state-owned underground facilities located within the right-of-way of a state highway from notification and from marking or locating these facilities.
The word "shall" is normally used in a statute to connote a mandatory requirement.[13] In support of a reading of the statute as imposing mandatory notice requirement, the specific legislative exemption of certain state-owned underground facilities is indicative of the absence of any other exception to the requirement.[14] Thus, the Legislature clearly expressed its intention that this is a mandatory notification requirement by using the word "shall" in the statute and by expressly providing an exception for one set of circumstances and no others.
Finally, section 556.106(4), Florida Statutes, states that:
"If, after receiving proper notification, the system fails to discharge its duties, resulting in damage to an underground facility, the system, if found liable, shall be liable to all parties, as defined in this act. Any damage for loss of revenue and loss of use shall not exceed $500,000 per affected underground facility, except that revenues lost by a governmental member operator, which revenues are used to support payments on principal and interest on bonds, shall not be limited."
In light of the statutory language and issues of liability of the system for failure to discharge its duties, it is my opinion that section 556.105(4), Florida Statutes, imposes a mandatory notification requirement. However, if this situation continues to cause problems, the Board of Directors of the system may wish to seek an amendment to the statute to provide an exception from notification for a member operator who is also the excavator on a project.
Therefore, it is my opinion that section 556.105(4), Florida Statutes, imposes a mandatory notification requirement on the Sunshine State One-Call system to advise member operators of proposed excavation or demolition in an area within which they may have facilities, without regard to who may be excavating the site.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 556.101(1), Fla. Stat.
[2] Id. And see, s. 556.102(9), defining "[u]nderground facility" to mean
"any public or private personal property which is buried, placed below ground, or submerged on any member operator's right-of-way, easement, or permitted use which is being used or will be used in connection with the storage or conveyance of water; sewage; electronic, telephonic, or telegraphic communication; electric energy; oil; petroleum products; natural gas; optical signals; or other substances, and includes, but is not limited to, pipelines, pipes, sewers, conduits, cables, valves, and lines. For purposes of this act, a liquefied petroleum gas line regulated under chapter 527 is not an underground facility unless such line is subject to the requirements of Title 49, C.F.R. adopted by the Department of Agriculture and Consumer Services, provided there is no encroachment on any member operator's right-of-way, easement, or permitted use. Petroleum storage systems subject to regulation pursuant to chapter 376 are not considered underground facilities for the purposes of this act unless the storage system is located on a member operator's right-of-way or easement. Storm drainage systems are not considered underground facilities."
[3] Section 556.101(2), Fla. Stat.
[4] Section 556.101(3)(b), Fla. Stat.
[5] Section 556.101(3)(c), Fla. Stat.
[6] Section 556.102(7), Fla. Stat.
[7] See, s. 556.105(1)(a) and (b), Fla. Stat.
[8] Sections 556.105(2) and (3), Fla. Stat.
[9] Section 556.105(4), Fla. Stat.
[10] Section 556.105(5), Fla. Stat. The 48-hour period excludes days other than business days.
[11] Section 556.105(6)(a), Fla. Stat.
[12] See, s. 556.107, Fla. Stat., and Op. Att'y Gen. Fla. 95-04 (1995), discussing the penalties which may be imposed under the act.
[13] See, e.g., Drury v. Harding, 461 So.2d 104 (Fla. 1984);Holloway v. State, 342 So.2d 966 (Fla. 1977); Neal v. Bryant,149 So.2d 529 (Fla. 1962).
[14] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), Biddle v. State Beverage Department, 187 So.2d 65, 67
(Fla. 4th DCA 1966), Williams v. American Surety Company of NewYork, 99 So.2d 877, 880 (Fla. 2d DCA 1958), for the proposition that where a statute sets forth exceptions, no others may be implied to be intended. Cf., s. 556.108, Fla. Stat., which provides additional exemptions which relieve an excavator from notifying the system under certain circumstances rather than addressing the obligation of the system to pass such information along to the member operator.