Mr. Douglas K. Tyson Director of Procurement and Contracts Lynx Central Florida Regional Transportation Authority 225 East Robinson Street, Suite 300 Orlando, Florida 32801
Dear Mr. Tyson:
You have asked for my opinion on substantially the following questions:
What is a public employer's responsibility to pay its employees called to active military duty or to military training exercises under Chapter 115, Florida Statutes?
In sum:
A public employer is required by section 115.07(1), Florida Statutes, to pay public officers and employees who are called to military training exercises their full public salary for 17 working days in any one annual period. Public officers and employees called up for active military duty are entitled to be paid their full public salaries for the first 30 days of such service.
The Central Florida Regional Transportation Authority has a number of employees in regular positions who occasionally request military leave to attend obligatory exercises and training lasting less than 30 days. These employees are members of the reserve sections of various branches of the military. You have asked for assistance in applying the statutory provisions of Chapter 115, Florida Statutes, relating to leave and pay for these employees. This opinion deals with issues of state law and no comment is made on a public officer or employee's right to federal military pay.
Chapter 115, Florida Statutes, authorizes state and local governments to provide leaves of absence for officers and employees when they are engaged in military service. Section115.07, Florida Statutes, states:
"(1) All officers or employees of the state, of the . . . counties of the state, and of the municipalities or political subdivisions of the state who are commissioned reserve officers or reserve enlisted personnel in the United States military or naval service or members of the National Guard are entitled to leaves of absence from their respective duties, without loss of vacation leave, pay, time, or efficiency rating, on all days during which they are engaged in training ordered under the provisions of the United States military or naval training regulations for such personnel when assigned to active or inactive duty.
(2) Leaves of absence granted as a matter of legal right under the provisions of this section shall not exceed 17 working days in any one annual period. . . . "
This section specifically authorizes a leave of absence without loss of pay for up to 17 days for military training.
Section 115.09, Florida Statutes, controls leaves of absence for active military service by all officers of the state and its political subdivisions. This section mandates that "the first 30 days of any such leave of absence . . . be with full pay."[1] For purposes of this chapter, "active military service" means
"active duty in the Florida defense force or federal service in training or on active duty with any branch of the Army of the United States, the United States Navy, the Marine Corps of the United States, the Coast Guard of the United States, and service of all officers of the United States Public Health Service detailed by proper authority for duty either with the army or the navy, and shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause."[2]
Pursuant to the statute, the "period of active military service" begins with the date of entering upon active military service and terminates with death or "a date 30 days immediately next succeeding the date of release or discharge from active military service, or upon return from active military service, whichever shall occur first."[3]
The protections and privileges described for public officers in section 115.09, Florida Statutes, are extended to public employees by section 115.14, Florida Statutes:
"All employees of the state, the several counties of the state, and the municipalities or political subdivisions of the state may, in the discretion of the employing authority of such employee, be granted leave of absence under the terms of this law; upon such leave of absence being granted said employee shall enjoy the same rights and privileges as are hereby granted to officials under this law, insofar as may be. Notwithstanding the provisions of s.115.09, the employing authority may supplement the military pay of its officials and employees who are reservists called to active military service for the first 30 days with full pay and, thereafter, in an amount necessary to bring their total salary, inclusive of their base military pay, to the level earned at the time they were called to active military duty. The employing authority may also, in its discretion, continue to provide any health insurance and other existing benefits to such officials and employees."
The language regarding pay in these statutes is mandatory and does not provide or authorize alternatives.[4] A legislative direction as to how a thing is to be done operates as a prohibition against it being done in any other way.[5] The discretion allowed a governmental employer in this statute is whether, after the first 30 days with full pay, the employer will supplement the military pay of its personnel and whether it will continue to provide health benefits to those employees.
This office has, in a number of opinions, stated that the language "without loss of pay" in these statutes requires the state and its political subdivisions to pay their officers and employees their full salaries while on military leave, regardless of any other compensation from the military or other source.[6] As concluded in Attorney General Opinion 78-81:
"If the municipality were to reduce or offset the compensation paid to its officers or employees on military leave . . . by the amount of their military pay, such officers or employees would suffer a `loss of pay' which the statute prohibits. The statute is mandatory . . . and allows no discretion or power on the part of a municipality to depart from its operation. . . . [M]unicipalities are prohibited from reducing or offsetting the compensation paid to their officers or employees on authorized military leave . . . in any manner whatsoever."
While the statutes have been amended since that opinion was issued, these amendments have not affected the requirement that government officers and employees on authorized military leave under the terms of these statutes shall suffer no "loss of pay."[7]
In sum, section 115.07, Florida Statutes, authorizes the state and its subdivisions to grant leaves of absence for up to 17 working days for public employees who have been assigned to participate in military training. Section 115.09, Florida Statutes, authorizes leaves of absence for 30 days for public officers who are called to active military service and section 115.14, Florida Statutes, extends the same benefits to public employees. All three statutes require a public employer to pay full public salaries to their employees on military leave during these statutorily recognized periods of absence from their public employment regardless of any other compensation from the military or other source.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Cf., Op. Att'y Gen. Fla. 92-64 (1992), discussing the provisions in Ch. 115, Fla. Stat., generally, but addressing the operation of Ch. 250, Fla. Stat., and leaves of absence for members of the Florida National Guard.
[2] Section 115.08(1), Fla. Stat.
[3] Section 115.08(2), Fla. Stat.
[4] See, Drury v. Harding, 461 So.2d 104 (Fla. 1984) (word "shall" is normally used in a statute to connote mandatory requirement); Neal v. Bryant, 149 So.2d 529 (Fla. 1962); Hollowayv. State, 342 So.2d 966 (Fla. 1977). And see, Fixel v. Clevenger,285 So.2d 687 (Fla. 3d DCA 1973) (word "may" when given its ordinary meaning denotes permissive term rather than mandatory connotation of word "shall").
[5] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way); Thayer v. State, 335 So.2d 815-817 (Fla. 1976).
[6] See, Ops. Att'y Gen. Fla. 97-77 (1997); 74-189 (1974); 53-322 (1953), p. 124; 51-273 (1951), p. 212; 48-13 (1948), p. 359; and 47-152 (1947), p. 129.
[7] See also, s. 250.48, Fla. Stat., which requires that National Guardsmen who are officers and employees of the state or its subdivisions who are members of the Florida National Guard are entitled to leaves of absence for up to 30 days "without loss of pay" when engaged in active state duty.