Mr. Joseph A. Miller Fire Chief North Bay Fire Control District 1024 White Point Road Niceville, Florida 32578-4218
Dear Chief Miller:
As Fire Chief of the North Bay Fire Control District, you ask substantially the following question:
Does participation as an "intermittent disaster-response appointee" in the federal disaster medical assistance team within the National Disaster Medical System constitute "active military service" as defined in section115.08(1), Florida Statutes?
You state that Disaster Medical Assistance Teams (DMATs) are groups of professional and para-professional medical personnel designed to provide medical care during a disaster or other event. According to your letter, the DMATs are a segment of the National Disaster Medical System, a section within the United States Department of Homeland Security, Federal Emergency Management Agency, Response Division, Operations Branch, and are responsible for supporting federal agencies in the management and coordination of the federal medical response to major emergencies and federally declared disasters. You state that DMAT members are appointed as "intermittent disaster-response appointees."[1]
Title 42 United States Code 300hh-11(e)(3)(A) provides:
"Service as an intermittent disaster-response appointee when the Secretary activates the National Disaster Medical System or when the individual participates in a training program authorized by the Assistant Secretary for Public Health Emergency Preparedness or a comparable official of any Federal agency specified in subsection (b)(2)(B) of this section shall be deemed "service in the uniformed services" for purposes of chapter 43 of Title 38, pertaining to employment and reemployment rights of individuals who have performed service in the uniformed services (regardless of whether the individual receives compensation for such participation). All rights and obligations of such persons and procedures for assistance, enforcement, and investigation shall be as provided for in chapter 43 of Title 38."[2]
The federal Uniformed Services Employment and Reemployment Rights Act establishes certain reemployment, seniority and pension rights of employees who have served in the uniformed services.[3] In addition, the federal act provides that an employee (and the employee's dependents) covered by a health plan in connection with his or her employment may elect to continue such coverage for a maximum period of eighteen months as specified by the act.[4] A person who elects to continue his or her health-plan coverage under this section may be required "to pay not more than 102 percent of the full premium under the plan . . . associated with such coverage[.]"[5]
Pursuant to 38 U.S.C. 4302(b), the provisions of 38 U.S.C. 4301 et seq. supersede any state or local law or policy that reduces, limits, or eliminates any right or benefit provided by the chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit. Thus, members of a DMAT are entitled to protections afforded by the federal act regarding reemployment, health, pension and seniority rights. However, while the federal act relates to reemployment rights upon termination of uniformed service and requires that an employee be permitted to use any vacation, annual, or similar leave with pay accrued by the person before the commencement of such service,[6] it does not require employers to provide those serving in the uniformed services with paid military leave.
Chapter 115, Florida Statutes, authorizes state and local governments to provide leaves of absence for officers and employees when they are engaged in military service. Section 115.09, Florida Statutes, controls leaves of absence for active military service by all officers of the state and its political subdivisions. This section mandates that "the first 30 days of any such leave of absence . . . be with full pay." The protections and privileges described for public officers in section 115.09 are extended to public employees by section 115.14, Florida Statutes:
"All employees of the state, the several counties of the state, and the municipalities or political subdivisions of the state shall be granted leave of absence under the terms of this law; upon such leave of absence being granted said employee shall enjoy the same rights and privileges as are hereby granted to officials under this law, insofar as may be, including, without limitation, receiving full pay for the first 30 days. Notwithstanding the provisions of s. 115.09, the employing authority may supplement the military pay of its officials and employees who are reservists called to active military service after the first 30 days in an amount necessary to bring their total salary, inclusive of their base military pay, to the level earned at the time they were called to active military duty. The employing authority shall continue to provide all health insurance and other existing benefits to such officials and employees as required by the Uniformed Services Employment and Reemployment Rights Act, chapter 43 of Title 38 U.S.C."
The language regarding pay is mandatory and does not authorize or provide for an employing authority to alter its provisions for covered employees.[7]
The term "active military service" is defined in section 115.08(1), Florida Statutes, for purposes of Chapter 115, Florida Statutes, to mean:
"active duty in the Florida defense force or federal service in training or on active duty with any branch of the Armed Forces or Reservists of the Armed Forces, the Florida National Guard, the Coast Guard of the United States, and service of all officers of the United States Public Health Service detailed by proper authority for duty with the Armed Forces, and shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause."[8]
While this definition is more limited than the federal definition of the term "uniformed services,"[9] this office is cognizant of the changes that have occurred after September 11, 2001. The federal legislation providing for the establishment of these intermittent disaster response teams reflect a recognition of such changes. The Disaster Medical Assistance Teams serve within the United States Department of Homeland Security, Federal Emergency Management Agency, Response Division, Operations Branch, and are responsible for supporting federal agencies in the management and coordination of the federal medical response to major emergencies and federally declared disasters. They are considered to be for certain purposes part of the Public Health Service and, as previously discussed, federal law considers their service to be in the "uniform services." The intent of sections 115.09 and 115.14, Florida Statutes, appears to be compensation of individuals who are called into service by the United States to protect its citizens and property.
Thus, this office cannot conclude that these individuals should be excluded from the provisions of section 115.09, Florida Statutes, and therefore would suggest that the Legislature clarify its intent on this issue.
Sincerely
Charlie Crist Attorney General
CC/tjw
[1] See 42 U.S.C. 300hh-11(d)(1) providing that "[f]or the purpose of assisting the National Disaster Medical System in carrying out duties under this section, the Secretary may appoint individuals to serve as intermittent personnel of such System in accordance with applicable civil service laws and regulations."
[2] See 38 U.S.C. 4303(16), the term "uniformed services" refers to "the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, the commissioned corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency."
[3] See 38 U.S.C. s. 4312. And see 38 U.S.C. s. 4316 stating that a person who is reemployed under the federal act is entitled to the seniority and other rights and
benefits of seniority that the person had on the date of his or her commencement of service plus any additional seniority rights and benefits that person would have retained if that person had remained continuously employed. See also 38 U.S.C. s. 4318 relating to pension benefits.
[4] See 38 U.S.C. 4317(a)(1), which provides that the maximum period of coverage of a person and the person's dependents under such an election shall be the lesser of:
"(A) the 24-month period beginning on the date on which the person's absence begins; or
(B) the day after the date on which the person fails to apply for or return to a position of employment, as determined under section 4312(e)."
[5] 38 U.S.C. s. 4317(a)(2).
[6] 38 U.S.C. 4316(d). No employer, however, may require any such person to use vacation, annual, or similar leave during such period of service.Id.
[7] See Drury v. Harding, 461 So.2d 104 (Fla. 1984) (word "shall" is normally used in a statute to connote mandatory requirement); Neal v.Bryant, 149 So.2d 529 (Fla. 1962); Holloway v. State, 342 So.2d 966 (Fla. 1977).
[8] See s. 115.08(2), Fla. Stat., providing that the term "period of active military service" as used in this chapter "shall begin with the date of entering upon active military service, and shall terminate with death or a date 30 days immediately next succeeding the date of release or discharge from active military service, or upon return from active military service, whichever shall occur first."
[9] See n. 2 supra, setting forth the definition of "uniformed services" in 38 U.S.C. 4303(16). Cf. 38 U.S.C. 101(10) defining "Armed Forces" to mean "the United States Army, Navy, Marine Corps, Air Force, and Coast Guard, including the reserve components thereof"; 5 U.S.C. 2101(2) ("armed forces" means the Army, Navy, Air Force, Marine Corps, and Coast Guard);10 U.S.C. 101(4).