Dear Ms. Smith:
As Public Defender for the Twentieth Judicial Circuit of Florida, you have requested my opinion on substantially the following questions:
1. Whether the Public Defender may reduce the maximum payout of 480 hours in its policy for sick leave payout upon termination, notwithstanding the provisions of section 110.122, Florida Statutes.
2. If the answer to Question One is in the affirmative, will such a change include employees hired prior to the implementation of such change?
In sum:
1. Section 110.122(3), Florida Statutes, requires employing agencies within the scope of that chapter to permit terminal pay for sick leave equal to one-fourth of all unused sick leave accumulated after October 1, 1973, to a maximum of 480 hours of actual payment. Nothing in this statute authorizes employing entities to reduce or limit this legislatively mandated payment for those employees who have met the 10-year service requirement of section 110.122(1), Florida Statutes.
2. In light of the response to Question One, no discussion of your second question is necessary.
In light of current budgetary constraints, you ask whether your office may limit or reduce the amount of terminal incentive pay for accumulated and unused sick leave from the prescribed limits contained in section 110.122(3), Florida Statutes.
Chapter 110, Florida Statutes, provides the employment policy of the state. The Legislature has declared that:
"It is the purpose of this chapter to establish a system of personnel management. This system shall provide means to recruit, select, train, develop, and maintain an effective and responsible workforce and shall include policies and procedures for employee hiring and advancement, training and career development, position classification, salary administration, benefits, discipline, discharge, employee performance evaluations, affirmative action, and other related activities."[1]
The statement of legislative intent also provides that "[t]his chapter contains requirements and guides for establishing and maintaining a system of personnel administration on a merit basis."[2]
Pursuant to section 110.122, Florida Statutes:
"All state branches, departments, and agencies which have the authority to establish or approve personnel policies for employees and to employ personnel and establish the conditions of their employment shall establish policies to provide terminal "incentive" pay for accumulated and unused sick leave to each employee upon normal or regular retirement for reason other than disability or upon termination of employment, or to the employee's beneficiary if service is terminated by death, provided such retirement, termination, or death occurs after 10 years of creditable state employment."
Thus, the Legislature has mandated that employing agencies "establish policies to provide terminal `incentive' pay for accumulated and unused sick leave to each employee upon normal or regular retirement[.]" The statute requires the employing entity to adopt and publish rules governing "the accumulation and use of sick leave and maintain accurate and reliable records showing the amount of sick leave which has accumulated and is unused by the employee" at his or her retirement.[3]
The parameters of those policies for terminal incentive pay for accumulated and unused sick leave are established in subsection (3):
"The payments authorized by this section shall be determined by using the rate of pay received by the employee at the time of retirement, termination, or death, applied to the sick leave time for which the employee is qualified to receive terminal "incentive" pay under the rules adopted by the department pursuant to the provisions of this section. Rules and policies adopted pursuant to this section shall permit terminal pay for sick leave equal to one-eighth of all unused sick leave credit accumulated prior to October 1, 1973, plus one-fourth of all unused sick leave accumulated on or after October 1, 1973. However, terminal pay allowable for unused sick leave accumulated on or after October 1, 1973, shall not exceed a maximum of 480 hours of actual payment. Employees shall be required to use all sick leave accumulated prior to October 1, 1973, before using sick leave accumulated on or after October 1, 1973."[4] (e.s.)
The statute recognizes that "the department," that is, the Department of Management Services, [5] is to adopt administrative rules for implementing this section.[6] Thus, pursuant to Department of Management Services rules, agencies may adopt rules addressing such matters as sick leave pools and sick leave transfer policies.[7] However, section 110.122(3), Florida Statutes, specifically requires that rules and policies adopted pursuant to this section must permit terminal pay for sick leave equal to one-fourth of all unused sick leave accumulated after October 1, 1973, to a maximum of four hundred eighty hours of actual payment. Nothing in section 110.122, Florida Statutes, authorizes an employing entity to adopt policies which would limit or reduce the maximum number of hours for calculation of terminal pay for sick leave; rather, the mandatory language of this section would appear to preclude any conflicting rules or policies.[8]
Therefore, it is my opinion that section 110.122(3), Florida Statutes, requires employing agencies within the scope of that chapter to permit terminal pay for sick leave equal to one-fourth of all unused sick leave accumulated after October 1, 1973, to a maximum of 480 hours of actual payment. Nothing in this statute authorizes employing entities to reduce or limit this legislatively mandated payment for those employees who have met the 10-year service requirement of section 110.122(1), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 110.105(1), Fla. Stat.
[2] Section 110.105(4), Fla. Stat.
[3] Section 110.122(2), Fla. Stat.
[4] The word "shall" is normally used in a statute to connote a mandatory requirement. Drury v. Harding,461 So. 2d 104 (Fla. 1984); Holloway v. State,342 So. 2d 966 (Fla. 1977); and Neal v. Bryant,149 So. 2d 529 (Fla. 1962).
[5] See s. 110.107(1), Fla. Stat., providing that "`Department' means the Department of Management Services."
[6] See Rule 60L-34.0042, Fla. Admin. Code.
[7] See Rule 60L-34.0042(5) and (6), Fla. Admin. Code.
[8] It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce,19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel,56 So. 2d 341, 342 (Fla. 1952); Thayer v. State,335 So. 2d 815, 817 (Fla. 1976).